PARKS, Respondent, vs. THE WEST SIDE RAILWAY COMPANY, Appellant.

*April 14 — May 3, 1892.*

*Misnomer of party: Amendment.*

In the summons and complaint the name of the defendant was W. S. Rail*way* Co., but it was evident that the W. S. Rail*road* Co., its successor, was intended. The summons was served on one B., who was president of both companies. *Held*, that the trial court properly allowed an amendment as to the name, although the W. S. Rail*way* Co. still had a nominal existence.

APPEAL from the Superior Court of *Milwaukee* County. This is an appeal from an order amending the summons and complaint by striking out the word " way," where it occurs in the name of the defendant, and inserting the word " road." The summons was served October 29, 1890, and the complaint November 26, 1890. The complaint is for the abatement of an alleged nuisance adjoining the plaintiff's premises, consisting of noise, smoke, steam, and gases coming from an electrical power house, which it is alleged is owned and operated by the defendant. An answer, the material part of which consisted of a general denial, was served December 16, 1890, and thereafter the case was twice noticed for trial by plaintiff. When on the calendar for the April term, 1891, of the superior court of Milwaukee county, plaintiff made a motion to amend the defendant's name by striking out the word " way," and inserting the word " road," which was granted. Affidavits were submitted on both sides on this motion, from which the following state of facts appears:

In December, 1888, a corporation was organized, bearing the name of the *West Side Railway Company*, which acquired a franchise to build and maintain street railways in Milwaukee, but had no franchise to operate an electrical

Parks vs. The West Side R. Co.

railway or power house.   This corporation built its railway, and operated it by animal power, and used the building now used as a power house, and complained of in this action, as a stable for horses.   June 5, 1889, a corporation was organized for the purpose of operating street railways in Milwaukee, called the West Side Railroad Company, and on the 7th of June, 1889, the *West Side Railway Company* conveyed to the West Side Railroad Company all its property, real and personal, and its franchises, since which time the rail " way " company seems to have done no business. The rail "road " company subsequently acquired an electrical franchise, and operated its lines by electricity, using the building here charged to be a nuisance as a power house.   The summons was served on Washington Becker, who was and is president of both companies.

[The plaintiff moved to dismiss the appeal on the grounds, among others, that the order appealed from is not an appealable order within the meaning of sec. 3069, R. S., and that the appellant, the *West Side Railway Company,* is not aggrieved by said order and has no right to appeal therefrom, its only reason for appealing being that the trial court decided that it had not been sued.   The motion was denied November 17, 1891.]

For the appellant there was a brief by *Danforth Becker,* attorney, and *Turner & Timlin,* of counsel, and oral argument by *W. J. Turner.*   They cited *Governor of Georgia v. Madrazo,* 1 Pet. 122; Hawes, Jurisdiction, sec. 230; *Osborn v. Bank of U. S.* 9 Wheat.·856; *McNutt v. Bland,* 2 How. 23; *Eliott v. Holmes,* 1 McLean, 466; ·*Bates & H. v. State Bank,* 7 Ark. 394; *McCravey v. Cox,* 24 Ark. 574; *Moulton v. De MaCarty,* 6 Rob. (N. Y.), 470; *King v. Randlett,* 33 Cal. 318; *Fanning v. Krapfl,* 61 Iowa, 417; *Packard v. Wood,* 17 Abb. Pr. 321; *Davis v. Mayor,* 14 N. Y. 506; *New York S. M. M. P. Asso. v. Remington A. Works,* 89 id. 22; *Bassett v. Fish,* 75 id. 303; *Board of Supervisors v.*

Parks vs. The West Side R. Co.

*Miller*, 4 Hun, 71; *Brown v. T. H. & I. R. Co.* 8 Am. Corp.
Cas. 270; *Gardner v. Kraft*, 52 How. Pr. 499; *Dousman v.
Milwaukee*, 1 Pin. 81.

For the respondent there was a brief by *E. G. Comstock*
and *Kate H. Pier*, and oral argument by *Miss Pier*. They
argued, among other things, that the amendment was a
mere correction of a misnomer and not a substitution of a
different party defendant. *Sherman v. Props. Conn. R.
Bridge*, 11 Mass. 337; *Burnham v. Savings Bank*, 5 N. H.
573; *Heckman's Adm'r v. L. & N. R. Co.* 85 Ky. 631.
Amendments in the name of a corporation defendant from
" Railway " to " Railroad " and *vice versa* have often been
permitted, and in every instance have been sustained by the
appellate court. *Galveston, H. & S. A. R. Co. v. Donahoe*,
9 Am. & Eng. R. Cas. 287, 56 Tex. 162; *Chicago & I. A.
L. R. Co. v. Johnson*, 13 Am. & Eng. R. Cas. 181; *Central
& M. R. Co. v. Morris*, 28 id. 50. A legal proceeding re-
lating to a corporation is not inoperative by reason of a
slight variation in the company's name, if the identity of
the corporation is clearly indicated. 1 Morawetz, Corp.
sec. 354; *Chancellor of Oxford's Case*, 10 Co. 54, 57; *Sou-
hegan Nail, C. & W. Factory v. McConihe*, 7 N. H. 309.

WINSLOW, J. The defendant claims that the action of the
court below is not a legitimate amendment of the name of
a party, but the discharge of one party as defendant and
the substitution of another. The claim does not appeal
strongly to a mind which is looking at the substance of
things, rather than the mere form. The merest inspec-
tion of the complaint shows that it was the company which
was maintaining an electrical railroad which was intended
to be sued, and it appears that the president of the com-
pany was in fact served with the summons. No doubt can
be entertained that if there had been no corporation bear-
ing the name of the West Side Rail " way " Company the

amendment would have been unobjectionable. Should the fact that such a corporation still maintained a nominal existence, without property or franchises, make any difference with the result? We think not. As we view it, the corporation which was operating the electrical power house and railroad was sued in this action, with a slight mistake in name, which the court properly corrected.

' *By the Court.*— Order affirmed.