HOESLEY, Respondent, v. LA CROSSE VFW CHAPTER, THOMAS ROONEY POST, Appellant.

*No. 183. Argued March 6, 1970.—Decided March 31, 1970.*
(Also reported in 175 N. W. 2d 214.)

502

For the appellant there was a brief and oral argument by *N. George DeDakis* of La Crosse.

For the respondent there was a brief by *Arneson, Berg & Doyle* and *Patrick R. Doyle*, all of La Crosse, and oral argument by *Patrick R. Doyle*.

HANLEY, J. The sole issue before this court is whether the service of process was valid, thereby giving the trial court personal jurisdiction over the appellant.

Paragraph 2 of the respondent's original complaint erroneously refers to the appellant as "an association" and, like the summons, lists the appellant's name as "La Crosse VFW Chapter, Thomas Rooney Post." Since the appellant, although located in La Crosse, is, in fact, a corporation whose correct name is "Thomas Rooney Post No. 1530, Veterans of Foreign Wars of the United States," it is contended that the trial court had no personal jurisdiction over the appellant.

It is the respondent's position, however, that the complaint is not relevant to whether there was proper service of the summons and that the name variance is amendable where, as here, there is no doubt as to the identity of the party to be sued.

The general rule has been stated as follows:

". . . An amendment of a summons may be allowed to correct a mistake in the name of a party plaintiff or defendant as set out therein. The general rule is that if the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or, even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit, or even after judgment, and a judgment taken by default is enforceable. Even

the omission of the name of a party defendant may be cured by amendment where such omission is plainly a clerical error.

"In most jurisdictions, the practice statutes or rules of practice in express terms authorize the court in furtherance of justice to amend any process by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party." 42 Am. Jur., *Process*, p. 22, sec. 21.

In this jurisdiction, sec. 269.44, Stats., provides:

**"Amendments of processes, pleadings and proceedings.** The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

This court, in reference to sec. 269.44, Stats., has stated:

". . . if the effect of the amendment is to correct the name under which the right party is sued, it will be allowed. However, if it is to bring in a new party, it will be refused. . . ." *Ausen v. Moriarty* (1954), 268 Wis. 167, 174, 67 N. W. 2d 358.

In *Ausen* the summons and complaint were served upon a nonexistent corporation and an amendment to allow service of a proper summons and complaint upon the partnership would have resulted in additional parties being brought into the action.

The purpose of a summons is to give notice to the defendant that an action has been commenced against him. *Milwaukee County v. Schmidt, Garden & Erikson* (1967), 35 Wis. 2d 33, 150 N. W. 2d 354. We do not think the misdescription was misleading.

We conclude that since the effect of an amendment in the instant case would not have the effect of bringing in additional parties, the trial court was correct in denying the appellant's motion.

*By the Court.*—Order affirmed.