Joan BULIK and Sylvia Sabol, Plaintiffs-
Respondents,†

v.

ARROW REALTY, INC. OF RACINE, Defendant-
Appellant,

ZAYRE CORPORATION, Liberty Mutual Insurance
Company, Rapids Drive Shopping Center, Inc.,
and Belz Investment Corporation, Defendants.

Court of Appeals

*No. 88–0470. Submitted on briefs November 18, 1988.— Decided
December 28, 1988.*

(Also reported in 434 N.W.2d 853.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Charles H. Bohl* and *Rebecca Leair* of *Frisch, Dudek and Slattery, Ltd.,* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Thomas W. Tollaksen* of *Foley, Dye, Foley & Tollaksen, S.C.,* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   This is a review of a $250,000 default judgment against Arrow Realty, Inc. of Racine (Arrow). Although Arrow raises several arguments, we hold that the case is controlled by the first issue—the effect of the failure to name Arrow in the original summons. Because personal jurisdiction is acquired by personal service of a summons naming the served party as a defendant and because Arrow was not named as a defendant in the summons, the judgment against Arrow is void.

The pertinent facts are that Evelyn G. Lui allegedly fell in the parking lot of the Rapids Drive Shopping Center in Racine, outside the entrance to the Zayre store. She began a personal injury lawsuit.[1] In her complaint, she alleged, *inter alia,* that Arrow maintained the grounds where she fell because it managed the property. In neither the caption of the summons nor the caption of the complaint was Arrow identified as a defendant. The summons, in particular, read as follows:

---

[1] On May 22, 1988, after the filing of the appeal, Lui died. We granted the petition of Joan Bulik and Sylvia Sabol, co-personal representatives of the estate of Evelyn G. Lui, to be substituted as respondents.

"Evelyn G. Lui, Plaintiff, vs. Zayre Corporation, a domestic corporation, et al., Defendants."

Service was made upon Val Pawloski, a principal of Arrow. Arrow did not file an answer on time, and a default judgment was entered. Subsequently, an answer was filed. Arrow next brought a motion to vacate the judgment on various grounds, one of which was that the summons was defective for failing to name Arrow. The trial court never directly addressed this issue but did mention that Arrow was identified as a defendant in the body of the complaint. Following the trial court's denial of the motion to vacate, Arrow appealed.

Section 801.09, Stats., provides that the summons shall contain the names of the parties to the action. Whether failure to name a party deprives the trial court of personal jurisdiction over that person requires the application of sec. 801.09 to undisputed facts. Therefore it is a question of law. *Neis v. Board of Educ.*, 128 Wis. 2d 309, 313, 381 N.W.2d 614, 616 (Ct. App. 1985). Thus, we owe no deference to the trial court. *Id.*

A summons has two purposes. First, it must give notice to the defendant that an action has been commenced against him or her. *Heaston v. Austin*, 47 Wis. 2d 67, 70, 176 N.W.2d 309, 311 (1970). If it clearly informs the person that it is intended for him or her and requires an answer to the complaint, then notice is sufficient. *Flanery v. Kusha*, 173 N.W. 652, 652 (Minn. 1919). Second, a summons confers jurisdiction on the court over the person served. *Heaston*, 47 Wis. 2d at 70-71, 176 N.W.2d at 311. If a person is not named in a lawsuit, that person is a stranger to the court and cannot be bound by it.

444

The summons in this action failed to give notice to Arrow that an action had been commenced against it. The summons was directed "to each person named above as a Defendant." The parties "named above" as defendants are "Zayre Corporation, a domestic corporation, et al." Nowhere does the summons identify who "et al." are. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to an intended recipient. *Torres v. Oakland Scavenger Co.*, 487 U.S. —, 108 S.Ct. 2405, 2409 (1988). This vague designation does not give fair notice to the specific individual. *Cf. id.*

The summons also failed to confer jurisdiction. We hold that the court had jurisdiction only over the persons who are named.

The plaintiffs direct our attention to *Canadian Pac., Ltd. v. Omark-Prentice Hydraulics, Inc.*, 86 Wis. 2d 369, 272 N.W.2d 407 (Ct. App. 1978). That case involved a summons which failed to tell the defendant it had twenty days to answer. The court of appeals ruled that although the summons was defective, it was a technical defect. Therefore, if the defendant was not misled to its prejudice, the trial court had jurisdiction over the person. The plaintiffs conclude that the law in Wisconsin is that a defective summons does not defeat personal jurisdiction unless the complaining defendant can show prejudice.

We refuse to read *Canadian Pacific* so expansively. What *Canadian Pacific* teaches is that Wisconsin courts will not take a ritualistic view of process requiring a literal compliance with every term of the statute. In that case, it was certainly important that the defendant be informed of the time within which it must

respond to the complaint. If no time for answering is specified, the machinery of the court should not be permitted to move to the defendant's detriment until the defendant receives that information. *State ex rel. Kalich v. Bryson*, 453 P.2d 659, 661 (Or. 1969). However, the remedy is not to dismiss the action because that remedy would be out of proportion to the malady to be corrected. Rather, if a person receives no notice relating to the time for answer, then the court should not be able to render a default judgment. To do so would be to deprive the defendant of an interest which deserves legal protection. *Id.*

In the instant case, failing to recite the name of the person to be sued strikes at the heart of the summons' purposes—to give notice to the person to be sued and to give the court personal jurisdiction over a *named* party. There are technical defects, like the one in *Canadian Pacific,* and there are fundamental defects, as in the case here. The court has jurisdiction only over the parties named. Citizens deserve the legal protection of being specified as a party to a lawsuit before jurisdiction attaches over them. Any court action taken before the party is named is a deprivation of that protection.

It therefore does not matter that a party might have had knowledge that he or she was meant to be a party such that a showing of prejudice is necessary. This is because in all cases such as *Canadian Pacific,* the parties were already under the jurisdiction of the court—they were not strangers to the court. Thus, all defects following after the power of the court "captured" the parties were technical in nature. Here, there was an absence of the trial court power over Arrow in the first instance and, therefore, no jurisdiction. We conclude

that not naming a person means that a court is without power to do anything with that person regarding the case. Prejudice does not have to be shown.

The plaintiffs point out that Arrow filed an answer after the default judgment and that the answer was in the nature of a general appearance; it did not specifically raise objections to the personal jurisdiction of the court. The plaintiffs claim that this amounts to a waiver of jurisdiction. We reject that argument. The responsive pleading must be made before judgment is granted. An answer filed after judgment does not confer retrospective jurisdiction. We hold that there was no valid waiver.[2]

We reverse the default judgment.

*By the Court.*—Judgment and order reversed.

---

[2]After filing its motion to vacate, Arrow informed the plaintiff that the property manager at the time of her fall was King Ehrlich, Inc. Plaintiff then began a second lawsuit after obtaining this default judgment and named all the parties implicated in the instant lawsuit except that King Ehrlich, Inc. was substituted for Arrow. It seems obvious that plaintiff sued the wrong party, yet a default judgment has been taken against Arrow. Although not raised in the trial court, presumably the defendant could have also brought a motion under sec. 806.07(1)(b), Stats., on grounds of newly discovered evidence. The trial court plainly was given insufficient information to make a determination that the facts pleaded concerning Arrow warranted the judgment rendered.