Robert JOHNSON, Plaintiff-Respondent,

v.

CINTAS CORPORATION No. 2, Defendant-Appellant,†

UNITED HEALTHCARE, Defendant.

Court of Appeals

*No. 2009AP2549. Submitted on briefs May 27, 2010.*
*—Decided November 17, 2010.*

2011 WI App 5

(Also reported in 794 N.W.2d 475.)

† Petition for Review filed.

51

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Terry E. Johnson* and *Ahndrea R. Van Den Elzen* of *Peterson, Johnson & Murray, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Robert I. DuMez* and *John V. O'Connor* of *O'Connor, DuMez, Alia & McTernan, S.C.* of Kenosha.

Before Brown, C.J., Neubauer, P.J., and Anderson, J.

¶ 1. NEUBAUER, P.J. Cintas Corporation No. 2 (Cintas No. 2) appeals from a default judgment entered in favor of its employee, Robert Johnson. Cintas No. 2 contends the default judgment, entered immediately after the trial court permitted amendment of the pleadings to name Cintas No. 2, is void because the original summons and complaint named the wrong corporate entity—its parent, Cintas Corporation. We agree. Because personal jurisdiction is acquired by personal service of a summons naming the served party as a defendant and because the plaintiff named the wrong corporate entity, Cintas Corporation, the default judgment against Cintas No. 2 is void. Johnson did not simply mislabel the right defendant, he named the wrong corporate defendant. Neither party challenges the amendment of the pleadings. Thus, we remand to the trial court for further proceedings upon the amended pleadings.

## BACKGROUND

¶ 2. This case stems from an automobile crash involving Johnson, an employee of Cintas No. 2. Johnson was injured when his vehicle, which was being driven by his friend, collided with another vehicle. His crash-related injuries required medical treatment and resulted in permanent disability. Johnson was required to use his personal automobile in the course of his employment, and he had automobile liability insurance

53

through Cintas No. 2. Johnson sought treatment coverage from Cintas No. 2 through its health insurance provider, United Healthcare. After Cintas No. 2 refused to pay any benefits to Johnson, Johnson commenced suit.

¶ 3. On April 12, 2007, Johnson filed the original summons and complaint in this action naming "Cintas Corporation" as the defendant. It is undisputed that the summons and complaint, naming "Cintas Corporation" instead of "Cintas Corporation No. 2," named the wrong corporate entity. The record establishes that Cintas No. 2, Johnson's employer, is an indirect, wholly-owned subsidiary of Cintas Corporation. Cintas No. 2 is a foreign corporation registered with the State of Wisconsin, whereas Cintas Corporation is a foreign corporation, not registered and not doing business within the State of Wisconsin.

¶ 4. On April 19, 2007, Johnson served the registered agent for Cintas No. 2, CT Corporation System, with the summons and the complaint naming the wrong corporate entity, Cintas Corporation, as the defendant.[1] Neither Cintas No. 2 nor Cintas Corporation responded to the complaint and on June 15, 2007, Johnson moved for default judgment. A hearing was scheduled for July 6, 2007. In response, Cintas Corporation filed an Emergency Motion to Strike and Dismiss for Lack of Personal Jurisdiction stating that Johnson had "incorrectly identified Cintas Corporation as his employer." Cintas Corporation further stated, "After some investigation, it appears that [Johnson's] employer and the proper legal entity is Cintas Corporation

---

[1] The affidavit of service states in relevant part that "on April 19, 2007 . . . **Cintas Corporation (2)** was served with the attached Summons and Complaint."

54

No. 2," which, the motion indicated, is incorporated under the laws of Nevada, registered in Wisconsin, and has a "registered agent in Wisconsin, CT Corporation System in Madison, WI."

¶ 5. Informed of his error, Johnson wrote to the court on July 3, 2007, to advise of his intent to amend the summons "from the incorrect 'Cintas Corporation' to the correct defendant 'Cintas Corporation No. 2.' " At the default judgment hearing on July 6, Johnson was permitted to orally amend the summons and complaint. The court then granted default judgment against Cintas No. 2. The minutes from the hearing indicate that the attorney for Cintas Corporation was present. The written order entered on July 16, 2007, grants Johnson's motion to amend the name of the defendant and also grants default judgment against Cintas No. 2 because it had been "properly served" and had "actual notice" of the lawsuit. Finally, the court ordered a hearing on damages "to determine the amount of the judgment to be entered against Cintas Corporation No. 2."

¶ 6. On July 20, 2007, attorneys for Cintas No. 2 contacted the court and filed Cintas No. 2's answer to the original and amended complaints, a motion to dismiss for lack of personal jurisdiction and a motion to intervene on behalf of Cintas No. 2. The court declined to hear Cintas No. 2's motions on grounds that the court had already held a hearing, had granted an amendment to the pleadings and had granted default judgment against Cintas No. 2. The court then advised Cintas No. 2 that it could file a WIS. STAT. § 806.07 (2007–08)[2] motion for relief from judgment. Cintas No.

---

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

2 did so, and following briefing by both parties, the court vacated the default judgment.

¶ 7. As the parties prepared for litigation, Johnson filed a motion for reconsideration based on information obtained during the discovery period which included, among other things, paychecks issued to Johnson using the name Cintas Corporation and court records indicating that Cintas No. 2 had previously filed actions in Wisconsin using the name "Cintas Corporation." Again, following briefing, the court issued a written decision and order granting Johnson's motion for reconsideration. The court held that because Cintas No. 2 effectively held itself out to the public and Johnson as "Cintas Corporation," it reinstated the default judgment. A hearing was held on damages and judgment was subsequently entered on August 27, 2009.[3] Cintas No. 2 appeals.

## DISCUSSION

¶ 8. *Standard of Review.* Cintas No. 2 challenges the court's grant of default judgment on the grounds that the court lacked the personal jurisdiction required to do so. WISCONSIN STAT. § 806.07(1)(d) allows relief from judgment if "[t]he judgment is void." A judgment is void for purposes of this provision when the court rendering it lacked subject matter or personal jurisdiction. *See Wengerd v. Rinehart*, 114 Wis. 2d 575, 578–79, 338 N.W.2d 861 (Ct. App. 1983). Cintas No. 2 challenges the sufficiency of service and specifically Johnson's

---

[3] The trial court awarded damages in the amount of $272,371.89. Cintas No. 2 additionally appeals the denial of a jury trial on damages; however, we need not reach this issue. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need to be addressed).

failure to name the correct corporate entity as the defendant on the summons and complaint. Whether a failure to name a party deprives the trial court of personal jurisdiction over that party requires the application of WIS. STAT. § 801.09 to undisputed facts. *Bulik v. Arrow Realty, Inc.*, 148 Wis. 2d 441, 444, 434 N.W.2d 853 (Ct. App. 1988); *see also Useni v. Boudron*, 2003 WI App 98, ¶ 8, 264 Wis. 2d 783, 662 N.W.2d 672 (whether service of a summons and complaint is sufficient to confer jurisdiction over a defendant is reviewed as a question of law). Because this presents a question of law, we owe no deference to the trial court. *Bulik*, 148 Wis. 2d at 444.

██

¶ 9. A Wisconsin court obtains personal jurisdiction through correct service of process upon a defendant. *See* WIS. STAT. 801.05. The United States Constitution requires that a court have personal jurisdiction over a defendant in order to render a judgment in a civil suit. *See Haselow v. Gauthier*, 212 Wis. 2d 580, 586, 569 N.W.2d 97 (Ct. App. 1997); *see also* U.S. CONST. amend XIV. In order to comply with due process, Wisconsin law mandates a strict compliance with all procedural elements of service. *Mech v. Borowski*, 116 Wis. 2d 683, 686, 342 N.W.2d 759 (Ct. App. 1983) ("Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh."). These requirements include naming the defendant in the summons and complaint. WIS. STAT. §§ 801.02(1), 801.09(1).

█

¶ 10. Pursuant to WIS. STAT. § 801.02(1), "[A] civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with

the court." Wisconsin Stat. § 801.09(1) provides that the summons shall contain the names of the parties to the action. "Proper commencement of an action serves two purposes: it gives notice and confers jurisdiction." *American Family Mut. Ins. Co. v. Royal Ins. Co. of Am.*, 160 Wis. 2d 455, 459, 465 N.W.2d 841 (Ct. App. 1991), *aff'd*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992). Indeed, a court has jurisdiction only over the parties named. This court has observed, "Citizens deserve the legal protection of being specified as a party to a lawsuit before jurisdiction attaches over them. Any court action taken before the party is named is a deprivation of that protection." *Bulik*, 148 Wis. 2d at 446.

¶ 11. In requesting relief from the default judgment under Wis. Stat. § 806.07, Cintas No. 2 maintained, as it does on appeal, that "[t]he distinction between Cintas Corporation and Cintas Corporation No. 2 is not one of mere semantics." Cintas No. 2 argued that "there are two separate corporations involved; one corporation was named in the summons and complaint and an entirely different corporation was served with the pleadings." In support of its contention that the court lacked jurisdiction as a result of Johnson's failure to name the correct corporate entity, Cintas No. 2 directs us to this court's decision in *Bulik* and the supreme court's decision in *Hoesley v. La Crosse VFW Chapter*, 46 Wis. 2d 501, 175 N.W.2d 214 (1970).

¶ 12. In *Bulik*, a personal injury case involving a shopping center slip and fall, the plaintiff failed to name a party in the caption of the summons and complaint. *Bulik*, 148 Wis. 2d at 443 (the court noting, "In neither the caption of the summons nor the caption of the complaint was Arrow [the defendant] identified as a defendant."). The court of appeals held that despite service on the intended party and the inclusion of the

party's name in the body of the complaint, when the plaintiff neglected to include the defendant's name in the summons, he failed to comply with Wisconsin statutory requirements of service. *Id.* at 444, 446. The court determined that the failure to name the intended party was a fundamental defect resulting in a lack of jurisdiction. *Id.* at 446–47. ("The court has jurisdiction only over the parties named . . . . [N]ot naming a person means that a court is without power to do anything with that person regarding the case."). It did not matter that the intended defendant was served and/or might have had knowledge that it was meant to be a party. *Id.* at 444, 446.

¶ 13. In *Hoesley*, the plaintiff brought a personal injury suit against a VFW chapter; however, the complaint served on the post commander misnamed the VFW. *Hoesley*, 46 Wis. 2d at 501, 502 (naming the VFW as "La Crosse VFW Chapter, Thomas Rooney Post" instead of its correct corporate name, "Thomas Rooney Post No. 1530, Veterans of Foreign Wars of the United States"). The VFW challenged personal jurisdiction on grounds that neither the summons nor complaint reflected its proper name or corporate character. *Id.* at 501. In considering whether the service was valid and thereby conferred personal jurisdiction, the court considered whether "the name variance [was] amendable." *Id.* at 502. The court permitted amendment of the summons and complaint because the misnamed, but correct, entity had been served *and* the correction of the name by amendment did not have the effect of bringing in an additional party. *Id.* at 501, 504; *see also Necedah Mfg. Corp. v. Juneau Cnty.*, 206 Wis. 316, 324, 237 N.W. 277 (1931) (permitting correction in summons and complaint of corporate name from Necedah Manufacturing Company to Necedah Manufacturing Corpora-

59

tion); *Manol v. Moskin Credit Clothing Co.*, 203 Wis. 47, 54, 233 N.W. 579 (1930) (permitting correction of corporate name).

¶ 14. While Johnson relies on *Hoesley* to support his contention that the misnomer in this case did not leave doubt as to the identity of the party to be sued, he overlooks the significant distinguishing fact: in *Hoesley* the plaintiff simply mislabeled the correct defendant, i.e., the entity allegedly liable in the action, as distinguished from selecting the wrong corporate defendant. The *Hoesley* court expressly recognized that, where service is made on the party intended to be served, the mislabeling of the right defendant may be amended on motion (thus conferring jurisdiction over that misnamed defendant) because it does not have the effect of bringing in an additional party. *Id.* at 502–03 (citing *Ausen v. Moriarty*, 268 Wis. 167, 174, 67 N.W.2d 358 (1954) (courts will allow an amendment to pleadings "to correct the name under which the right party is sued" but refuse an amendment to bring in a new party)). The analysis in *Hoesley* is consistent with the general rule recognizing jurisdiction to amend process when the plaintiff has simply misnamed the right party, as compared to when a plaintiff seeks to add a new party. *See* 62B AM. JUR. 2D *Process* § 96 (2010).[4]

---

[4] The parties debate the relevance of *McCall v. IKON*, 611 S.E.2d 315 (S.C. Ct. App. 2005), which was cited by the trial court as providing guidance in this case. However, as in *Hoesley v. La Crosse VFW Chapter*, 46 Wis. 2d 501, 175 N.W.2d 214 (1970), *McCall* involved the misnaming of the right party (because the unregistered division that provided computer training courses, IKON Educational Services, was a business unit of IKON Office Solutions Technology Services, LLC, which refused service) and not the adding of a new party—an existing separate legal entity. *McCall*, 611 S.E.2d at 651, 653. Moreover, we agree with Cintas No. 2 that its application is limited given

A change of parties requires amendment and service.[5]

██

¶ 15. Here, the trial court permitted Johnson to amend the pleadings to name Cintas No. 2, and then immediately granted default judgment—without affording Cintas No. 2 service of process. The facts of record clearly indicate that Cintas Corporation and Cintas Corporation No. 2 are legally independent companies. *See DOR v. River City Refuse Removal, Inc.*, 2007 WI 27, ¶ 43, 299 Wis. 2d 561, 729 N.W.2d 396 (a wholly-owned subsidiary of a company is an independent legal entity). Regardless of how Cintas No. 2 held itself out to the public, the amendment of the summons and complaint had the effect of bringing a new party into the action.[6] Added parties must be served with the

South Carolina's more lenient approach to its civil rules governing service of process. *See id.* at 651 ("[w]e have never required exacting compliance with the rules to effect service of process"); *cf. Mech v. Borowski*, 116 Wis. 2d 683, 686, 342 N.W.2d 759 (Ct. App. 1993) ("Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh.").

[5] Wisconsin statutes authorize amendment of the pleadings to change the party against whom a claim is asserted and authorize addition of parties at any stage of the action; however, any added parties must be served with the summons or voluntarily appear. *See* Wis. Stat. §§ 802.09(1), 801.14(1). Under Wis. Stat. § 802.09(3), an amended pleading naming a new party-defendant will relate back to the original date of filing for limitations purposes if the party named had received such notice of the institution of the action that he or she will not be prejudiced in defending, and knew or should have known that, but for a mistake of identification, the action would have been brought against the party.

[6] The trial court found that because Cintas No. 2 was served and Cintas Corporation was not, allowing amendment of the

summons or voluntarily appear. WIS. STAT. §§ 802.09(1), 801.14(1). Here, the plaintiff named the wrong defendant. Johnson advised the court, prior to entry of default judgment, that this was the case.

¶ 16. Johnson points to facts justifying his confusion over the correct corporate entity, and the trial court later, upon reconsideration, found that Cintas No. 2 effectively operated under the name Cintas Corporation in Wisconsin and in relation to Johnson.[7] However, these facts would be relevant considerations for purposes of permitting amendment and/or relation back, neither of which are contested here. Johnson provides no authority for entry of a default judgment without service after amendment substituting one incorrect existing separate corporate entity for another as defendant. Thus, in keeping with *Bulik*, we conclude that Johnson's summons and complaint failed to recite the name of the party he intended to sue.[8]

---

pleadings would not be adding a new party. This overlooks that these are separate legal entities.

[7] While Johnson raised an "alter ego" argument in a motion for reconsideration before the trial court, he acknowledges that the trial court did not address his argument or grant his motion on that ground. Further, Johnson did not pursue an alter ego theory on appeal; therefore, any argument on that issue has been abandoned. *Reiman Assocs., Inc. v. R/A Advertising, Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292 (Ct. App. 1981) (issues not briefed or argued on appeal are deemed abandoned).

[8] Requiring strict compliance with the rules of statutory service upon amendment naming a new corporate entity is consistent with Wisconsin's policy viewing default judgments with disfavor, and preferring, "whenever reasonably possible, to afford litigants a day in court and a trial on the issues." *Dugenske v. Dugenske*, 80 Wis. 2d 64, 68, 257 N.W.2d 865 (1977).

## CONCLUSION

¶ 17.　Because Johnson's summons failed to accurately name the defendant (Cintas No. 2), the service of process failed to confer personal jurisdiction over that defendant. As such, the trial court did not have the requisite personal jurisdiction to enter a default judgment against Cintas No. 2, and the judgment is void. *See Wengerd*, 114 Wis. 2d at 578 (a judgment is void absent personal jurisdiction over the defendant). As *Bulik* counsels, whether Cintas No. 2 was served or had notice is irrelevant. Neither party challenges the amendment of the pleadings to now name Cintas No. 2. Accordingly, we reverse the default judgment and remand for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.