COURT OF APPEALS
DECISION
DATED AND FILED

February 10, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1667**

STATE OF WISCONSIN

Cir. Ct. No. 2024CV42

IN COURT OF APPEALS
DISTRICT III

KRIETE TRUCK CENTER MADISON, INC.,

　PLAINTIFF-RESPONDENT,

V.

WILLIAM G. WICKMAN,

　DEFENDANT-APPELLANT.

　　　　APPEAL from an order of the circuit court for Lincoln County: RICK T. CVEYKUS, Judge. *Reversed and cause remanded for further proceedings.*

　　　　Before Stark, P.J., Hruz, and Gill, JJ.

¶1 GILL, J. In September 2004, Madison Mack Sales, Inc., now known as Kriete Truck Center of Madison, Inc.,[1] obtained a default judgment against "William G. Wickman," doing business as "Bill Wickman Trucking," pertaining to a debt for unpaid commercial truck repairs. In March 2024, Kriete filed an action on the judgment, pursuant to WIS. STAT. § 806.23 (2023-24),[2] naming "William G. Wickman" as the sole defendant.

¶2 The problem, for purposes of this appeal, is that the individual who took his truck to Kriete for repairs—whom we will refer to as "Wickman"—asserts that his name is not "William G. Wickman" but, rather, "William G. Wickman III."[3] Wickman further asserts that "William G. Wickman" is actually another person—namely, his grandfather.

¶3 Wickman therefore moved to dismiss the instant lawsuit against him, arguing that because he was not correctly named as a defendant in Kriete's summons and complaint, the circuit court lacked personal jurisdiction over him, Kriete's complaint failed to state a claim on which relief could be granted, and any claim against him was barred by the statute of limitations. The circuit court denied Wickman's motion to dismiss, without holding a hearing, concluding that the summons and complaint properly named Wickman as a defendant.

---

[1] For ease of reading, we refer to the plaintiff-respondent in this matter as "Kriete" throughout the remainder of this opinion.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

[3] Our choice to refer to the defendant-appellant in this matter as "Wickman" is a matter of convenience and should not be construed as expressing any opinion regarding the defendant-appellant's legal name.

¶4    Wickman now appeals, arguing that the circuit court erred by denying his motion to dismiss.[4] We conclude that, pursuant to ***Johnson v. Cintas Corp. No. 2***, 2012 WI 31, ¶39, 339 Wis. 2d 493, 811 N.W.2d 756, Kriete's failure to name "William G. Wickman III" as a defendant in its summons and complaint constituted a fundamental defect that deprived the circuit court of personal jurisdiction over Wickman—assuming, that is, that Wickman's legal name is actually "William G. Wickman III." On the record before us, however, there is a factual dispute as to whether Wickman's legal name is "William G. Wickman" or "William G. Wickman III." Thus, it is not clear whether Wickman was properly named as a defendant in Kriete's summons and complaint.

¶5    Under these circumstances, we conclude that the circuit court erred by denying Wickman's motion to dismiss without first holding a hearing to resolve the factual dispute regarding Wickman's legal name. We therefore reverse the court's order denying the motion to dismiss and remand for a hearing on that issue.

## BACKGROUND

¶6    In June 2004, Kriete filed a summons and complaint in Lincoln County Case No. 2004CV136, naming as a defendant "William G. Wickman d/b/a Bill Wickman Trucking," with an address of N10442 Echo Valley Road in Tomahawk, Wisconsin. The complaint alleged that Kriete had provided "commercial truck repair parts and service" to "William G. Wickman" during October 2003, and despite Kriete's demand for payment, "William G. Wickman"

---

[4] On September 19, 2024, we granted Wickman's petition for leave to appeal the circuit court's nonfinal order. *See* WIS. STAT. RULE 809.50(3).

had failed to pay the balance due, which amounted to $16,867.34, plus interest. Based on these allegations, Kriete asserted claims for breach of contract, "[p]romise to pay reasonable value," unjust enrichment, and promissory estoppel.

¶7     The Lincoln County Sheriff's Department unsuccessfully attempted to serve "William G. Wickman" at the N10442 Echo Valley Road address. The certificate of nonservice includes the following notation: "Mother states he does not live here (Echo Valley Road); when asked where he lives, she stated, 'on the road.' Mother will not cooperate[.]" A publication summons was subsequently published in The Tomahawk Leader, a weekly newspaper, on August 3, 10, and 17, 2004, and the summons and complaint were mailed to "William G. Wickman" at the N10442 Echo Valley Road address. "William G. Wickman" did not answer Kriete's complaint or otherwise appear in the action. Accordingly, on September 30, 2004, the circuit court entered a default judgment against "William G. Wickman" in the amount of $17,703.64.

¶8     On December 18, 2023, Kriete filed a petition for leave to file an action on the September 30, 2004 judgment, pursuant to WIS. STAT. § 806.23. The petition alleged that an action on the judgment was necessary to enforce Kriete's rights because efforts had been made to collect the judgment since 2004, but "William G. Wickman" had refused or failed to pay.

¶9     For instance, a document attached to the petition showed that on October 14, 2004, the Lincoln County Sheriff's Department unsuccessfully attempted to serve an order for examination on "William G. Wickman" at the N10442 Echo Valley Road address. A notation on that document states:

> There are 2 William Wickman[s]. I had a dispatcher check
> the residence via phone and the dispatcher reports that the
> William we are looking for is an over-the-road semi driver

4

(Per Mrs. William Wickman, Jr.)[.] He is seldom, if ever, home and is often out of the state. He does get mail at the Echo Valley Road address, but he sleeps in his truck when he comes around.

¶10 Another document attached to Kriete's petition—a memo drafted by an employee of the Lincoln County Sheriff's Department regarding later attempts to serve an order for examination—states:

> One attempt made on February 15, 2012 at 12:00 P.M. … The mother stated he does not live there. Very uncooperative with deputy. His D.L. shows he is at the address of: N10442 Echo Valley Road, Tomahawk, WI.
>
> March 8, 2012, at 11:10 AM [I] called the Wickman residence … and spoke with Mrs. Wickman. I asked if William JR was there; she said "Yes, I'll get him, he is outside."
>
> William came to the phone and I asked if he was WILLIAM WICKMAN JR. He said Yes. I asked how come we cannot get a paper served on you; your mother said you do not live there. He said he is WILLIAM JR. He asked what the paper was about and I told him that it is an ORDER TO APPEAR and the plaintiff is [Kriete]. William JR said that he is not into trucking, but that WILLIAM III is and he seldom ever comes home, but Christmas, and few others if he is in the area. He travels all over the U.S.
>
> The paper list[s] WILLIAM WICKMAN, but in all there are 3 of them: JR, SR and III. [And] apparently the papers are for WILLIAM WICKMAN III, according to WILLIAM JR.

¶11 The record also contains a letter dated August 14, 2018, that Kriete's attorney received from "Bill & Dorothy Wickman," who provided a return address of N10442 Echo Valley Road. The letter acknowledged receipt of a "distressful letter" regarding Case No. 2004CV136. The letter further stated that Dorothy Wickman had "called [counsel's] office to let you know that this debt is not mine

or my husband[']s," and it asked counsel not to "send any[ ]more of these distressful letters to this address."

¶12 At some point, Kriete learned that in 2008, "William G. Wickman and Dorothy E. Wickman, his wife[,]" had deeded property located at N10299 Echo Valley Road in Tomahawk to "William Wickman III." In 2023, Kriete unsuccessfully attempted to serve "William G. Wickman III" with an order for examination at the N10299 Echo Valley Road address.

¶13 In January 2024, the circuit court granted Kriete's petition for leave to file an action on the September 30, 2004 judgment. Kriete then filed a summons and complaint in the instant case on March 26, 2024. The summons and complaint named a single defendant, "William G. Wickman," with an address of N10299 Echo Valley Road in Tomahawk. The complaint alleged that "William G. Wickman" owed Kriete a total of $59,631.20, which included the original judgment amount, postjudgment collection costs, and statutory interest from the date the judgment was entered.

¶14 A process server unsuccessfully attempted to serve "William G. Wickman" with the summons and complaint at the N10299 Echo Valley Road address on four occasions during March and April 2024. A publication summons was subsequently published in The Tomahawk Leader on three occasions, and the summons and complaint were mailed to "William G. Wickman" at the N10299 Echo Valley Road address.

¶15 On May 22, 2024, counsel for Wickman appeared in this case "without waiving any defenses regarding lack of personal jurisdiction, insufficiency of summons or process, or insufficiency of services of summons or

process, nor any other defenses." Wickman then filed a motion to dismiss, along with a supporting affidavit, in which he raised three arguments.

¶16 First, Wickman argued that the circuit court lacked personal jurisdiction over him because there was a "fundamental defect in the content of the summons and complaint as the defendant named is a separate and distinct person other than" Wickman. More specifically, Wickman asserted that his legal name is "William G. Wickman III," while his father's legal name is "William G. Wickman Jr." and his grandfather's legal name is "William G. Wickman." Wickman further asserted that "the use of the name William G. Wickman in the summons and complaint has caused real confusion" as to the identity of the intended defendant and that Kriete's attorney "admits to being aware of this very issue since at least October 8, 2013[,] yet he has filed no action against William Wickman III."

¶17 Second, Wickman argued that dismissal was warranted because Kriete "cannot bring an action to enforce a judgment against someone other than the judgment debtor." (Formatting altered.) According to Wickman, because Kriete's complaint sought to enforce a judgment entered against "William G. Wickman," it failed to state a claim on which relief could be granted against "William G. Wickman III."

¶18 Third, Wickman asserted that any claim against "William G. Wickman III" or "Wickman Trucking, LLC," was barred by the applicable six-year statute of limitations, WIS. STAT. § 893.43(1), because the facts giving rise to Kriete's claims "predate September 30th, 2004," and "no claims have so far been brought against William G. Wickman III or the actual counterparty, Wickman Trucking, LLC."

¶19    By July 24, 2024, the parties had fully briefed Wickman's motion to dismiss, and a hearing on the motion was scheduled for August 29.  On July 30, however, a new judge was assigned to the case, and a scheduling conference was set for August 8.

¶20    On August 7, 2024—one day prior to the scheduling conference—the circuit court issued a written order denying Wickman's motion to dismiss.  Addressing Wickman's personal jurisdiction argument, the court stated there was "no insufficiency of service," as Kriete had "made four attempts at personal service" on Wickman before "publish[ing] a notice."  The court further reasoned that there was no defect in the summons and complaint because

> [t]he summons and complaint name William G. Wickman.  That is, in fact, Mr. Wickman's name.  The fact that it is also his father's and grandfather's name does not create the legal impediment that Mr. Wickman is claiming that it does.  The summons and complaint do not specify "Senior," "Junior," or "III," so they cannot be said to be naming the wrong William Wickman.

The court also stated that Wickman's claimed confusion about the identify of the defendant "seem[ed] disingenuous" because "the three William Wickmans know very well which one of them had dealings with" Kriete.

¶21    The circuit court next rejected Wickman's argument that Kriete's complaint failed to state a claim on which relief could be granted.  The court reasoned that "[t]he named defendant in this action and the named defendant in the underlying action are the same person.  Consequently, the claim asserted in this action is not defective."

¶22    Finally, the circuit court rejected Wickman's argument regarding the statute of limitations.  The court stated that argument was based on the incorrect

"assumption that [Kriete] is seeking to obtain a judgment against a new defendant based on conduct that occurred in 2003." Instead, the court explained that

> [t]he only relevant statute of limitations in this case is WIS. STAT. § 893.40, the 20-year statute of limitations for bringing an action on a judgment. That limitations period has not yet expired, given that the underlying judgment was granted on September 30, 2004, so this action is not time-barred.

¶23 In conclusion, the circuit court stated that the present lawsuit "necessarily involves the same parties as the prior action, and the Court is satisfied that those parties are the ones now appearing." Accordingly, the court concluded that there were "no defects in jurisdiction, the pleadings, or service that would require the action be dismissed, nor is it time-barred."

¶24 Wickman now appeals the circuit court's nonfinal order denying his motion to dismiss.

**DISCUSSION**

¶25 WISCONSIN STAT. § 801.02(1) provides that

> [a] civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing.

The summons must contain, among other things, "the names and addresses of the parties to the action, plaintiff and defendant." WIS. STAT. § 801.09(1).

¶26 A summons serves two purposes: (1) it provides notice to the defendant that an action has been commenced against the defendant, which is a fundamental requirement of due process; and (2) proper service of a summons

9

confers a court with personal jurisdiction over a defendant. ***Johnson***, 339 Wis. 2d 493, ¶24. "Significantly, a defendant's actual notice of an action is not alone enough to confer personal jurisdiction upon the court; rather, '[s]ervice must be made in accordance with the manner prescribed by statute.'" ***Id.***, ¶25 (alteration in original; citation omitted).

¶27 "Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh." ***Id.***, ¶25 (citation omitted). Nevertheless, Wisconsin courts "have recognized a distinction between service that is fundamentally defective, such that the court lacks personal jurisdiction over the defendant in the first instance, and service that is merely technically defective." ***Id.***, ¶26. "If the defect is fundamental, then the court lacks personal jurisdiction over the defendant, regardless of whether or not the defect prejudiced the defendant." ***Id.*** Conversely, if the defect is merely technical, "then the court has personal jurisdiction over the defendant only if the complainant can show that the defect did not prejudice the defendant." ***Id.*** "The burden rests on the complainant to show that service was not defective or, if service was defective, that the defect was merely technical and did not prejudice the defendant." ***Id.***

¶28 As relevant to this appeal, a fundamental defect occurs when a complainant "fails to name the defendant in the summons and complaint." ***Id.***, ¶28. On this point, our supreme court's decision in ***Johnson*** is instructive.

¶29 Following a car accident, Johnson filed a summons and complaint naming several entities as defendants, including Cintas. ***Id.***, ¶¶5-6. The complaint alleged that Johnson was an employee of Cintas, that he was required to use his personal vehicle in the course of his employment, and that, as a result, he had automobile liability insurance coverage through Cintas. ***Id.***, ¶5. The complaint

therefore alleged that Johnson was entitled to benefits payable by Cintas and that Cintas's refusal to pay such benefits constituted a breach of contract and bad faith. *Id.*, ¶7.

¶30     Johnson served his summons and complaint on the registered agent for Cintas No. 2, which was a wholly owned subsidiary of Cintas. *Id.*, ¶8. "Unlike Cintas No. 2, Cintas [was] neither registered nor licensed to do business in Wisconsin and [did] not have a registered agent for service of process in Wisconsin." *Id.* Instead, Cintas was "a foreign public corporation, incorporated under the laws of Washington with a principal place of business in Ohio." *Id.* Johnson's actual employer was Cintas No. 2, not Cintas, as alleged in Johnson's complaint. *Id.*, ¶10.

¶31     On appeal, our supreme court concluded that Johnson's "failure to name Cintas No. 2 as a defendant in his summons and complaint … constituted a fundamental defect that deprived the circuit court of personal jurisdiction over Cintas No. 2, regardless of whether or not the defect prejudiced Cintas No. 2," and despite the fact that Cintas No. 2's registered agent had actually been served with the summons and complaint. *Id.*, ¶¶39-40. The court reasoned it was undisputed that Johnson had named "Cintas, not Cintas No. 2, in his summons and complaint" and that Cintas No. 2 was "a wholly owned subsidiary of Cintas" and "a legal entity that exist[ed] independently of Cintas." *Id.*, ¶40. Under these circumstances, the court stated that "[a]s far as the law [was] concerned, Cintas No. 2 was 'a stranger to the court.'" *Id.* (citation omitted).

¶32     In reaching this conclusion, the court distinguished its prior decision in *Hoesley v. La Crosse VFW Chapter*, 46 Wis. 2d 501, 175 N.W.2d 214 (1970). *Johnson*, 339 Wis. 2d 493, ¶41. In that case, Hoesley's summons and complaint

11

named "La Crosse VFW Chapter, Thomas Rooney Post" as a defendant, but the entity's actual name was "Thomas Rooney Post No. 1530, Veterans of Foreign Wars of the United States." *Hoesley*, 46 Wis. 2d at 502. In addressing whether this defect deprived the circuit court of personal jurisdiction over the defendant, our supreme court stated a "general rule" that a summons may be amended to correct a mistake in the name of the defendant "if the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or, even where there is room for doubt as to identity, if service of process is made on the party intended to be sued." *Id.* (citation omitted). The court then clarified that "if the effect of the amendment is to correct the name under which the right party is sued, it will be allowed. However, if it is to bring in a new party, it will be refused." *Id.* at 503 (citation omitted). Applying that principle, the court concluded that Hoesley's summons and complaint could be amended to name the proper defendant because "the effect of an amendment … would not have the effect of bringing in additional parties." *Id.* at 504.

¶33   The *Johnson* court stated that *Hoesley* "instructs that a misnomer in a summons and complaint constitutes a technical defect when an amendment to the pleadings would result in merely correcting the name under which the right party is sued, as opposed to bringing an entirely new party into the action." *Johnson*, 339 Wis. 2d 493, ¶41. The court then noted that "[u]nlike the single corporation in *Hoesley*, which the plaintiff correctly sued but simply misnamed …. Cintas and Cintas No. 2 are two, distinct legal entities, and Johnson mistakenly sued the first instead of the second." *Id.* "Consequently, by changing the named defendant from Cintas to Cintas No. 2, Johnson's amendment did not have the effect of … correcting the name of the right party that was sued all along, as in *Hoesley*." *Id.* "Rather, Johnson's amendment had the effect of substituting

the wrong party, Cintas, with another existing and entirely new party, Cintas No. 2." ***Id.***

¶34 The ***Johnson*** court also distinguished ***Parks v. West Side Railway Co.***, 82 Wis. 219, 52 N.W. 92 (1892). ***Johnson***, 339 Wis. 2d 493, ¶41. In ***Parks***, the plaintiff filed a complaint, alleging that noise, smoke, steam, and gases emitted by an electrical power house constituted a nuisance. ***Parks***, 82 Wis. at 219. The power house was operated by the West Side Railroad Company, but the plaintiff's summons and complaint named as a defendant the West Side Railway Company. ***Id.*** It was undisputed that more than a year before the summons and complaint were filed, the West Side Railway Company had conveyed all of its franchises and property, including the power house, to the West Side Railroad Company and had ceased doing business. ***Id.*** at 220. After serving the summons and complaint on an individual who was the president of both companies, the plaintiff successfully moved to amend the summons and complaint to name the correct defendant—i.e., the West Side Railroad Company. ***Id.*** at 219.

¶35 On appeal, our supreme court rejected the argument that this amendment was "not a legitimate amendment of the name of a party, but the discharge of one party as defendant and the substitution of another." ***Id.*** at 221. The court reasoned that if the West Side Railway Company had never existed, the amendment would "[n]o doubt" have been "unobjectionable." ***Id.*** at 221-22. The court then stated that the result should be no different simply because the West Side Railway Company "still maintained a nominal existence, without property or franchises." ***Id.*** at 222. The court explained, "As we view it, the corporation which was operating the electrical power house … was sued in this action, with a slight mistake in name, which the court properly corrected." ***Id.***

¶36 The ***Johnson*** court noted that "unlike the railway company in ***Parks***, which, by the time the plaintiff commenced his action, had ceased doing business and maintained only a nominal existence, Cintas was and continues to be a going concern." ***Johnson***, 339 Wis. 2d 493, ¶41 (citation omitted). Thus, unlike the amendment in ***Parks***, Johnson's amendment of his summons and complaint to name Cintas No. 2 as a defendant "did not have the effect of … correcting a misnomer to reflect the only going concern that could be—and unmistakably was intended to be—sued." ***Johnson***, 339 Wis. 2d 493, ¶41.

¶37 Relying on ***Johnson***, Wickman argues that Kriete's summons and complaint in the instant case are fundamentally defective because they name "William G. Wickman" as the defendant, rather than "William G. Wickman III." Wickman asserts that his legal name is "William G. Wickman III" and that he has "a father named William G. Wickman, Jr., and a grandfather named simply William G. Wickman." Thus, according to Wickman, the summons and complaint "identif[y] a distinct person other than William G. Wickman III" as the defendant in this action. Wickman asserts that "just like the [***Johnson***] court's holding that the Cintas Corporation is an entirely distinct person than Cintas Corporation No. 2 for purposes of due process, William G. Wickman is a separate person from William G. Wickman, Jr.[,] and both are separate persons from William G. Wickman III." Wickman therefore contends that, as in ***Johnson***, Kriete's failure to name "William G. Wickman III" as a defendant in its summons and complaint is a fundamental defect that deprived the circuit court of personal jurisdiction over him.

¶38 Conversely, Kriete argues that no defect in service occurred here. Kriete emphasizes that Wickman was served with the summons and complaint by publication and mailing. It also asserts that there was no confusion as to the party

that Kriete intended to sue, given that Wickman was the only one of the three William G. Wickmans who had taken a truck to Kriete for repairs.

¶39    Kriete's arguments fall flat because in ***Johnson***, our supreme court held that "Johnson's failure to name Cintas No. 2 in his summons and complaint constituted a fundamental defect that precluded the circuit court of personal jurisdiction over Cintas No. 2, regardless of whether or not the defect prejudiced Cintas No. 2." ***Johnson***, 339 Wis. 2d 493, ¶40.  Accordingly, it was "irrelevant that Johnson served his summons and complaint upon the registered agent for Cintas No. 2 and Cintas No. 2 therefore might have had knowledge that it was meant to be a party." ***Id.***    Similarly, in this case, if Kriete's summons and complaint failed to properly name Wickman as a defendant, then that failure was a fundamental defect that deprived the circuit court of personal jurisdiction over Wickman, regardless of whether Wickman was served with the summons and complaint or had knowledge that Kriete intended to name him as a defendant.

¶40    Kriete further argues that ***Johnson*** is distinguishable because while Cintas and Cintas No. 2 were distinct legal entities with different names, Wickman "officially goes by the name William G. Wickman."  In support of this assertion, Kriete cites Wickman's driver record abstract from the Wisconsin Department of Transportation, which lists the name on Wickman's driver's license as "William George Wickman III" but also lists "Other Known Names" of "William G Wickman" and "William George Wickman."  Kriete therefore asserts that the circuit court correctly "determined that Wickman goes by the name of William G. Wickman" and that, as a result, the summons and complaint did not "nam[e] the wrong William Wickman."

¶41    To the extent Kriete means to argue that there was no fundamental defect here because Wickman held himself out as "William G. Wickman," *Johnson* forecloses that argument. There, Johnson argued that our supreme court should construe his failure to name Cintas No. 2 as a technical defect "on the grounds that Cintas No. 2 held itself out as Cintas." *Id.*, ¶49. The court rejected that argument, explaining:

> While the circuit court made findings related to the manner in which Cintas No. 2 held itself out to the public and to Johnson specifically, the facts remain that Johnson named Cintas instead of Cintas No. 2 in his summons and complaint, and our courts recognize Cintas No. 2 as a legal entity that exists independently of its parent corporation. Therefore, the court lacked personal jurisdiction over Cintas No. 2 in the first instance, irrespective of whether Johnson was under the impression that he was suing the right entity or whether Johnson served the right entity. As we have explained, Wisconsin requires plaintiffs to strictly comply with our rules of statutory service, "'even though the consequences may appear to be harsh.'"

*Id.* (citation omitted).

¶42    Ultimately, assuming that Wickman's legal name is, in fact, "William G. Wickman III," we agree with Wickman that Kriete failed to properly name him as a defendant in its summons and complaint, which would be a fundamental defect depriving the circuit court of personal jurisdiction over him, pursuant to *Johnson*. As in *Johnson*, where Cintas and Cintas No. 2 were separate legal entities with different names, Wickman asserts that his legal name is "William G. Wickman III" and that there is another individual whose legal name is "William G. Wickman"—i.e., his grandfather. We agree with Wickman that, assuming these facts are true, the summons and complaint are fundamentally defective because they "identif[y] a distinct person other than William G. Wickman III" as the defendant in this lawsuit, just as the summons and

complaint in ***Johnson*** were defective because they identified a distinct legal entity other than Cintas No. 2 as the defendant. Stated differently, assuming that Wickman's legal name is "William G. Wickman III," the defect here is fundamental because an amendment to the pleadings would have the effect of "bringing an entirely new party into the action," rather than merely correcting the name under which the right party was sued. *See **id.***, ¶41.

¶43 We conclude, however, that there is a factual dispute regarding Wickman's legal name. Kriete argues that Wickman's legal name is, in fact, "William G. Wickman," and it cites some evidence in support of that proposition. Wickman, however, cites contrary evidence, including averments in his own affidavit. Wickman also notes that in his reply brief in support of his motion to dismiss, he informed the circuit court that: (1) his birth certificate shows that his legal name is "William George Wickman III"; (2) he would have filed a copy of his birth certificate under seal, but reproducing vital records is a felony under WIS. STAT. § 69.24(1); and (3) as a result, Wickman's vital records would be "made available at the hearing" on his motion to dismiss. As noted above, although a hearing was scheduled on Wickman's motion to dismiss, the court ultimately denied the motion without holding a hearing. Given the factual dispute regarding Wickman's legal name, the court erred in that regard.[5]

---

[5] Where the facts are undisputed, "[w]hether failure to name a party deprives the [circuit] court of personal jurisdiction over that person" is a question of law that we review independently. *See **Bulik v. Arrow Realty, Inc. of Racine***, 148 Wis. 2d 441, 444, 434 N.W.2d 853 (Ct. App. 1988). Here, however, the facts regarding Wickman's legal name are disputed, and the circuit court must resolve this factual dispute on remand.

17

¶44     We therefore reverse the circuit court's order denying Wickman's motion to dismiss, and we remand for the court to hold a hearing to resolve the factual dispute regarding Wickman's legal name.[6]

*By the Court.*—Order reversed and cause remanded for further proceedings.

Not recommended for publication in the official reports.

---

[6] Because we conclude that we must reverse the order denying Wickman's motion to dismiss and remand for a hearing regarding Wickman's legal name, we do not address the parties' alternative arguments regarding whether Kriete's complaint failed to state a claim and whether any claim against Wickman is barred by the statute of limitations. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (stating that this court decides cases on the narrowest possible grounds). It appears that, like Wickman's personal jurisdiction argument, both of those arguments hinge on whether Wickman's legal name is, in fact, "William G. Wickman III." If necessary, the circuit court should address those arguments on remand after resolving the factual dispute regarding Wickman's legal name.