James R. LAVINE, by his Guardian, Andrew C.
Ladd, Esq., Susan Lavine and Christine Lavine
and Michele Lavine, Minors, by their
Guardian ad Litem, Thomas K. Voss,
Plaintiffs-Respondents,

v.

HARTFORD ACCIDENT & INDEMNITY CO., a
foreign corporation, Oneida County, General
Casualty Company of Wisconsin, a Wisconsin
corporation, City of Rhinelander, Tower
Insurance Co., Town of Crescent, ABC
Insurance Co., DEF Insurance Co., GHI
Insurance Co., JKL Insurance Co., MNO
Insurance Co., and George Babl, Inc., a
Wisconsin corporation, Defendants,

BECHER-HOPPE ENGINEERS, INC.,† a
Wisconsin corporation, Mann Bros. Sand &
Gravel, Inc.,† a Wisconsin corporation, Pitlick
& Wick, Inc.,† a Wisconsin corporation, and
Sweeney Brothers, Inc.,† a Wisconsin
corporation, Defendants-Co-Appellants.

Court of Appeals

*No. 86–1326. Submitted on briefs March 27, 1987.—Decided
June 16, 1987.*

(Also reported in 410 N.W.2d 623.)

---

† Petitions (2) to review denied.

For the defendants-co-appellants, there were briefs for Sweeney Brothers, Inc., by *J. Ric Gass* and *Mark D. Koss* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee; for Becher-Hoppe Engineers, Inc., by *Kevin P. Crooks* of *Crooks, Low & Connell, S.C.;* for Pitlick & Wick, Inc., by *Donald C. Straub* of *Straub & Schuch* of Milwaukee.

For the defendant-co-appellant, Mann Bros. Sand & Gravel, Inc., there were briefs by *Ronald L. Piette* and *Mark S. Nelson* of *Piette, Knoll & Nelson, S.C.* of Milwaukee.

For the plaintiffs-respondents, there was a brief by *Dean M. Horwitz* and *Hope K. Olson* of *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.* of Milwaukee.

Before Cane, P.J., Myse and Eich, JJ.

CANE, P.J. Several contractors connected with the construction of the Airport Industrial Park Service Road in Rhinelander (collectively referred to as Mann Bros.) appeal a nonfinal order denying their motions to dismiss the plaintiffs' (Lavine) action. They argue that the statute of limitations barred Lavine's action with respect to them. In addition, Mann Bros. argues that certain procedural defects deprived the trial court of jurisdiction. Lavine contends that his filing a first amended summons and complaint shortly before the three-year limitation ran, using fictitious names pursuant to sec. 807.12, Stats., gave him sixty additional days to identify and serve Mann Bros. and the other fictitiously named defendants. We conclude that Mann Bros. suffered no prejudice from the trial court's order permitting Lavine to substitute true names for the fictitious ones used in the original and

first amended summons and complaint. Further, we conclude that the procedural defects Mann Bros. alleged are not fatal to Lavine's action. Accordingly, we affirm the trial court's order and remand for further proceedings.

The pertinent facts are undisputed. James R. Lavine was injured in a one-car accident on the Airport Industrial Park Service Road in Oneida County on November 25, 1982. On November 4, 1985, he filed a summons and complaint in Waukesha County, naming Oneida County, the City of Rhinelander, their insurers, and the Town of Crescent.[1] The summons and complaint also fictitiously designated several defendant contractors and their insurers whose true identities were unknown to Lavine.

On November 22, Lavine filed a first amended summons and complaint, identical in all respects to the original except that it fictitiously designated another contractor and its insurer. On January 10, 1986, Lavine filed a second amended summons and complaint that specifically named Mann Bros. and the other previously unknown defendants. These defendants were first notified of the action through service of authenticated copies of the second amended summons and complaint on January 14, fifty days after the expiration of the three-year statutory limit,[2] seventy-one days after the filing of the original summons and complaint, and fifty-three days after the filing of the first amended summons and complaint.

After a change of venue to Oneida County, Mann Bros. moved for dismissal on the following grounds: 1) Lavine had not served Mann Bros. within three years

[1]The Waukesha County Circuit Court ordered a change of venue to Oneida County on December 2, 1985.

[2]*See* sec. 893.54, Stats.

of the injury giving rise to the action nor within sixty days of the original summons and complaint; 2) the court lacked personal jurisdiction over Mann Bros. because Mann Bros. had only been served a copy of the second amended summons and complaint, and the service had originated in the Waukesha County Circuit Court, which purportedly had no venue over the action; and 3) the court lacked personal jurisdiction over Mann Bros. because Lavine had not obtained leave of the court before filing his second amended summons and complaint. The court denied Mann Bros.' motion to dismiss.

Mann Bros. first argues that because it was not served within sixty days of the original summons and complaint nor within three years of the injury, Lavine's action with respect to it was not timely commenced. We disagree. This question requires the application of statutes to undisputed facts. As such, it is a question of law. *Neis v. Board of Educ.*, 128 Wis. 2d 309, 313, 381 N.W.2d 614, 616 (Ct. App. 1985). We decide questions of law without deference to the trial court. *Id.*

An action to recover damages for personal injuries is barred unless commenced within three years of the injury. Section 893.54, Stats. Such an action is commenced when a summons and complaint naming the "person as defendant" are filed with the court, provided the defendant is served with an authenticated copy of the summons and complaint within sixty days after the filing. Section 801.02, Stats. When the name of a party defendant is unknown to the plaintiff at the time of filing, the plaintiff may designate the defendant by a fictitious name. Section 807.12(1), Stats. When the plaintiff learns the defendant's identity, it may amend its pleadings to insert the true name. Section 807.12(2), Stats.

This statutory scheme is silent as to whether filing a summons and complaint designating a fictitious defendant tolls the running of the statute of limitations with respect to the later-identified defendant. On its face, the fictitious name statute does not restrict the time after filing the original summons and complaint in which to amend these pleadings to reflect the fictitious defendant's true name. Moreover, sec. 802.09(3), Stats., provides that an amendment relates back to the date of the filing of the original pleading if the claim asserted in the amendment arose out of the occurrence set forth in the original pleading. Thus, looking only to these statutes, a plaintiff could use the fictitious name statute to toll the running of the statute of limitations with respect to an unknown defendant. An amendment later naming the defendant would then "relate back" to the date of the original filing and the suit would have been timely commenced, regardless of the length of time between the injury giving rise to the cause of action and the naming and service of the defendant.

In some jurisdictions, the state of the law is similar to the above hypothetical. The California Supreme Court, for example, has held that:

> The right of a plaintiff to use a fictitious name where he is ignorant of the defendant's true name is one conferred by statute ..., and it has long been recognized that the purpose of the provision is to enable such a plaintiff to bring suit before it is barred by the statute of limitations and that this procedure does not subject the defendant to undue hardship. . . .

*Smeltzley v. Nicholson Mfg. Co.,* 559 P.2d 624, 628 n. 1 (Cal. 1977). The *Smeltzley* court allowed an amendment naming a previously fictitious defendant one and one-half years after the limitations period would

■

have expired had the original fictitious filing not been deemed to have tolled the statute of limitations. *Id.* at 626.

Similarly, the purpose of many other relation back statutes in connection with fictitious name statutes is to

> provide a plaintiff a means to toll the statute of limitations when he does not yet know the proper designation of the defendant, the party sued by a fictitious name in accordance with statute being deemed a party to the action from its commencement and not only from the date of an amendment substituting his true name for the fictitious one.[3]

Our supreme court has implicitly recognized a similar ameliorative purpose behind Wisconsin's fictitious name statute, but to a lesser extent than other jurisdictions. *Lak v. Richardson-Merrell, Inc.,* 100 Wis. 2d 641, 302 N.W.2d 483 (1981). In *Lak,* the plaintiff alleged personal injuries from an inoculation with a faulty flu vaccine. *Id.* at 642, 302 N.W.2d at 484. Precisely three years after the plaintiff's injury, he filed a summons and complaint designating "XYZ Drug Company" as the defendant pursuant to Wisconsin's fictitious name statute.[4] Shortly after filing the

---

[3]Annotation, *Relation Back of Amended Pleading Substituting True Name Of Defendant For Fictitious Name Used In Earlier Pleading So As To Avoid Bar Of Limitations,* 85 A.L.R.3d 130, 134 (1978) (footnote omitted).

[4]Section 807.12(1) and (2) provide:

**807.12 Suing by fictitious name or as unknown; partners' names unknown.** (1) When the name or a part of the name of any defendant, or when any proper party defendant to an action to establish or enforce, redeem from or discharge a lien or claim to property is unknown to the plaintiff, such defendant may be designated a defendant by so much of the name as is known, or by a fictitious name, or as an unknown heir, representative, owner or person as the case may require, adding such description as may

summons and complaint, the plaintiff learned the drug company's real name and amended his pleadings to reflect this discovery. *Id.* at 642–43, 302 N.W.2d at 484. The plaintiff served the drug company forty-eight days after filing the original summons and complaint. *Id.* at 643, 302 N.W.2d at 484. The drug company argued that because it had not been served until after the statute of limitations ran, the plaintiff had failed to timely commence the suit. *Id.* at 645, 302 N.W.2d at 485.

The supreme court disagreed. It held that the court obtains jurisdiction over the subject matter of the action and that the action is commenced for purposes of the statute of limitations if the summons and complaint are filed with the court before the statutory period has passed. *Id.* at 649, 302 N.W.2d at 487. However, the supreme court refused to apply the relation back statute to a situation involving a fictitious defendant. *Id.* at 644, 302 N.W.2d at 485. Instead, the court relied on sec. 801.02, which provides that a condition necessary to commencing an action is the serving of an authenticated copy of the summons and complaint on the named defendant within sixty days of its filing. Thus, the supreme court in *Lak* held that a plaintiff filing against a fictitious defendant has sixty days after that filing to establish the court's personal jurisdiction over the true defendant by discovering and serving the true defendant. *Id.* at 649,

reasonably indicate the person intended. But no person whose title to or interest in land appears of record or who is in actual occupancy of land shall be proceeded against as an unknown owner.

(2) When the name of such defendant is ascertained the process, pleadings and all proceedings may be amended by an order directing the insertion of the true name instead of the designation employed.

302 N.W.2d at 487. Therefore, although the fictitious name statute does not restrict the time for substituting a fictitious defendant's true name, *Lak* effectively imposed a limit by requiring notice to the true defendant within sixty days of filing suit.

As a result, our supreme court held that the fictitious defendant's right to the statutory extinction of a cause of action did not vest until some time after the statutory limitation period's expiration. *Id.* at 648, 302 N.W.2d at 487. Significantly, the court noted that the defendant was put in

> no worse position as to notice than it would have been had it been named accurately in the first summons and complaint instead of by a fictitious name. It would not have had notice of the action in either event until being served.

*Id.* at 649, 302 N.W.2d at 487.

Here, Mann Bros. received notice of the suit within sixty days of the statutory limitation's expiration. Mann Bros. was in no worse position than if Lavine's attorney had waited until the last day of the limitations period to file the original summons and complaint. Lavine's attempt to gain additional time to discover and serve the fictitious defendants by filing an amended summons and complaint immediately before the statute of limitations expired did nothing to prejudice Mann Bros. Given *Lak,* a fictitiously designated defendant's right to the extinction of an action does not effectively vest until sixty days following the running of the statute of limitations, because it is still possible that the defendant may be served sixty days after a timely filing of a summons and complaint. *See id.* at 649, 302 N.W.2d at 487.

Anticipating this result, Mann Bros. contends that the relation back statute should apply to Lavine's first amended summons and complaint. Under this construction, the first amended pleading would "relate back" to the date of the original, thus rendering the actual service on Mann Bros. untimely. We reject this argument. *Lak* held that the relation back statute did not apply to an amendment that simply identified a fictitious defendant. *See id.* at 644, 302 N.W.2d at 485. It was not the relation back statute that saved Lak's cause of action but, rather, the service of the true defendant within sixty days of filing and the lack of prejudice to that defendant. *See id.* at 649, 302 N.W.2d at 487. We conclude that serving Mann Bros. within sixty days of filing the amended summons and complaint and within sixty days of the limitation period's expiration constitutes timely notice.

Moreover, Mann Bros. cites no authority indicating that the relation back statute is to be used to prevent a court from reaching the merits of a controversy. In contrast, the relation back statute has been applied to enable a plaintiff, after having timely commenced an action, to change a party, correct mistakes in naming defendants, and to plead theories connected with the original cause of action but not included in original pleadings. *See State v. One 1973 Cadillac,* 95 Wis. 2d 641, 647–49, 291 N.W.2d 626, 629–31 (Ct. App. 1980); *Wussow v. Commercial Mechanisms, Inc.,* 97 Wis. 2d 136, 144–45, 293 N.W.2d 897, 902 (1980); sec. 802.09, Stats. We will not pioneer the offensive application of the relation back statute where a defendant has suffered no prejudice from the procedures used by a plaintiff.

Next, we address Mann Bros.' challenges to the Oneida County Circuit Court's jurisdiction. On No-

vember 25, 1985, defendant Oneida County moved for a change of venue to Oneida County. On November 26, Lavine wrote to the Waukesha court and requested thirty days to submit affidavits opposing the change of venue motion. The court did not respond. On December 3, the Town of Crescent also moved for a change of venue. Lavine filed a brief and affidavit opposing this motion on December 19. In a letter dated December 17, 1985, the Waukesha court first notified Lavine that on December 2, it had signed an order for change of venue to Oneida County. However, the court also stated that it would give Lavine an opportunity to be heard. The court later scheduled a hearing for January 24, 1986, then changed this date to February 18. At this hearing, the court ruled that it had properly changed venue to Oneida County.

Lavine filed his second amended summons and complaint on January 10 in Waukesha County and served authenticated copies on Mann Bros. by January 14. Mann Bros. argues that: 1) Sections 801.02(1) and 801.04(2)(a), Stats., allow proper authentication only in the county where the action is venued; 2) that sec. 802.09(1), Stats., prohibits a second amendment to a summons and complaint without leave of the court; and 3) that sec. 807.12(2), Stats., requires leave of the court to amend a fictitious pleading to substitute the defendants' true names. Accordingly, Mann Bros. contends, the Oneida County Circuit Court had no jurisdiction over the defendants. Without jurisdiction, Mann Bros. argues, the court could not retroactively grant leave to amend the pleadings to reflect the defendants' true names. We reject these arguments.

First, we conclude that an issue of venue existed when Lavine filed his second amended summons and complaint in Waukesha County. Section 801.52, Stats., provides that a trial court "may at any time, upon its

own motion, the motion of a party or the stipulation of parties, change the venue to any county in the interest of justice or for the convenience of the parties or witnesses." Section 801.53, Stats., requires that such a motion shall be determined "on the basis of proofs submitted by the parties" unless the court orders a hearing or oral argument.

Here, the Waukesha court signed a change of venue order submitted by a defendant without first hearing Lavine's arguments. Comments to sec. 801.53 recognize that motions under sec. 801.52 rarely involve factual disputes but, rather, turn on the trial court's balancing of equities. A discretionary change of venue, by its very nature, may not generally be granted without weighing the equities favoring both sides of a controversy. This is especially true where, as here, the plaintiff has indicated opposition to the motion. The Waukesha County Circuit Court apparently realized this when it scheduled a hearing after Lavine objected to the change of venue order issued without hearing. Based on these facts, we cannot conclude that Lavine improperly filed his second amended summons and complaint in Waukesha County on January 10, several weeks before the scheduled venue hearing.

Moreover, in challenging the authentication of the second amended summons and complaint, Mann Bros. ignores the purpose of authentication required by sec. 801.02(1). The authentication requirement is designed to insure that the copy served is a true copy of the summons and complaint. *Schlumpf v. Yellick,* 94 Wis. 2d 504, 510, 288 N.W.2d 834, 838 (1980). Mann Bros. does not challenge the pleadings' authenticity. To dismiss the action simply because an authenticated copy of a pleading was not authenticated by Oneida

County, especially where an issue as to the proper county of venue still existed, would be to elevate form over substance. Even if we considered this a defect, it would be hypertechnical in nature and would not invalidate the notice received by Mann Bros. *See id.* at 511, 288 N.W.2d at 834.

■

Next, we consider Mann Bros.' challenges to Lavine's failures to obtain leave of the court to file a second amended summons and complaint and to substitute the true names of the fictitious defendants. Permitting amendments to pleadings and imposing sanctions for failure to comply with procedural statutes are matters for the trial court's discretion. *Trispel v. Haefer,* 89 Wis. 2d 725, 731, 732–33, 279 N.W.2d 242, 244, 245 (1979); sec. 805.03, Stats. In this case, the Oneida court reasonably exercised its discretion in retroactively granting leave to amend.

Accordingly, we affirm the trial court's nonfinal order and remand for further proceedings.

*By the Court.*—Order affirmed and cause remanded for further proceedings consistent with this opinion.