COURT OF APPEALS
DECISION
DATED AND FILED

February 10, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP849**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV788

IN COURT OF APPEALS
DISTRICT III

---

COLLEGE AVENUE BP, INC., SHREEJI, INC., SAI KRUPA, LLC, JALIYAN GAS INC., DEPU, LLC, BADGER GAS INC., NSSJ, LLC, MENASHA GAS, INC., SWAMI, LLC, T & S CORPORATION, SHIVSHAKTI PETRO, INC., AND EVEREST PETROLEUM CORPORATION,

   PLAINTIFFS-APPELLANTS,

 V.

ARORORA INVESTMENTS,

   DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Outagamie County: MARK J. McGINNIS, Judge. *Affirmed.*

Before Stark, P.J., Hruz, and Gill, JJ.

¶1   HRUZ, J.   The plaintiffs in this action all operate gas stations ("the Plaintiff Stations" or "the Plaintiffs"), and they appeal a circuit court order dismissing their class action complaint. It is undisputed that the Plaintiff Stations

misidentified, as the defendant, in their summons and complaint ("the initial pleadings") the correct entity that owned and operated another gas station that, they claim, had violated the Wisconsin Unfair Sales Act, WIS. STAT. § 100.30 (2023-24).[1]  Over a year after the Plaintiff Stations filed their lawsuit—and after they had filed a motion for default judgment and the defendant had filed a motion to dismiss—the Plaintiff Stations moved to amend the initial pleadings.  The circuit court concluded that the misnaming[2] of the defendant was only a technical defect.  The court also concluded, however, that it would not exercise its discretion to permit the Plaintiffs to amend their pleadings to name the correct entity as the defendant, and it dismissed the complaint.

¶2      The Plaintiff Stations argue that the circuit court erred in two respects.  First, they argue that, as a matter of law, once a circuit court finds a technical misnaming of a defendant, the name of the proper party defendant automatically replaces the name of the improperly named defendant in the initial pleadings because it is as if the proper party had been named all along.  They claim that the court erred by not following this approach.  Second, the Plaintiffs argue that even if a formal amendment to the pleadings is required and a circuit court retains discretion over whether to allow that amendment, the court in this case erroneously exercised its discretion by denying the Plaintiff Stations' motion

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

[2] The relevant dictionary definition of "misnomer" is "the misnaming of a person in a legal instrument."  *Misnomer*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/misnomer (last visited Jan. 28, 2026).  Accordingly, we use "misnomer" and "misnaming" interchangeably in this opinion.

2

for leave to amend the complaint. The Defendant,[3] for its part, contends the circuit court erred by not concluding that the misnomer was a fundamental defect.

¶3 As an initial matter, we agree with the circuit court that the misnomer was only a technical defect. Next, and as a matter of apparent first impression in Wisconsin, we conclude that upon the finding of a technical misnomer of a party defendant, a circuit court nevertheless retains its discretion regarding whether to permit amendment of the initial pleadings to name the proper party after the six-month period to amend pleadings as of right has expired. *See* WIS. STAT. § 802.09(1). We further conclude that, under the facts of this case (including the particular claim at issue), the circuit court did not erroneously exercise its discretion by denying the Plaintiffs' motion for leave to amend their pleadings. Accordingly, the court also did not reversibly err by dismissing the Plaintiff Stations' complaint. We affirm.

---

[3] As will become clear in this opinion, the entity named as the defendant in the initial pleadings was "Arorora Investments," and the actual owner and operator of the relevant gas station is "Banee Corporation." Counsel for the defendant in this action always appeared specially, and the circuit court expressly stated in its ruling that

> the unnamed parties are not part of this case. And it's my belief that as a result of that, it's not appropriate or proper for me to consider the arguments, to the extent that they are being made, on behalf of an unnamed party. And I'm going to try real hard to not address, sort of, that issue unless it becomes necessary where they become a named party. And specifically, I am referring to what I understand is, you know, the unnamed party of Banee, B-A-N-E-E, Corporation.

Under these unique circumstances, for purposes of this opinion we will refer to the Defendant-Respondent in this appeal generically as "the Defendant," which is a practice we normally discourage, consistent with WIS. STAT. RULE 809.19(1)(i).

## BACKGROUND

¶4     The facts relevant to this appeal appear to be undisputed, and the merits of the Plaintiff Stations' claim are not at issue.[4]  The Plaintiff Stations, on behalf of themselves and a putative class of similarly situated gas stations, filed suit on October 11, 2021, against "Arorora Investments," alleging that its gas station located at 1717 West College Avenue in Appleton was pricing gasoline in violation of Wisconsin's Unfair Sales Act.

¶5     The Plaintiffs named "Arorora Investments" as the Defendant because it was identified as the operator of the gas station by the Appleton City Clerk's Office.  The operator's address on file with the city, and used for various permits, was the same address as the one used in the initial pleadings.  Counsel for the Plaintiffs could not locate an "Arorora Investments" in the Wisconsin Department of Financial Institutions' database, and he "assumed ['Arorora Investments'] could possibly be a 'doing business as' trade name for another entity to be determined."  The Plaintiff Stations alleged that Arorora Investments was "a Wisconsin unincorporated proprietorship" "owned by Parmeet Arora."[5]  The Plaintiffs served Parmeet with a copy of the initial pleadings at her home 15 days after this action was filed.

---

[4] The Defendant's brief cites only to the Plaintiff Stations' appendix, rather than to the appellate record.  The Rules of Appellate Procedure require references to the appellate record, *see* WIS. STAT. RULE 809.19(1)(d)-(e), and an appendix "is not the record," *see* **Ripp Distrib. Co. v. Ruby Distrib. LLC**, 2024 WI App 24, ¶16 n.7, 411 Wis. 2d 630, 5 N.W.3d 930.  We admonish counsel that we expect parties to follow our Rules of Appellate Procedure.

[5] Given the similarities between "Arorora" and "Arora," we refer to Parmeet Arora as "Parmeet" throughout the remainder of this opinion.

¶6     Given that the Plaintiff Stations' efforts to correctly identify the Defendant in their lawsuit are important to this appeal, we provide more context in that regard.   Separate from this lawsuit, another lawsuit brought by the Plaintiff Stations' counsel was pending in Fond du Lac County against Banee Corporation, an entity with the same street address as that used for "Arorora Investments" by the City of Appleton and by the Plaintiffs in this case.   At the time of filing this lawsuit, the Plaintiffs' counsel believed that the same owner or group of owners operated both the gas station in the Fond du Lac County case and the Appleton gas station at issue in this case.

¶7     That belief was later confirmed when opposing counsel appeared on behalf of Banee Corporation in the Fond du Lac County lawsuit and discussions between counsel occurred regarding that case and this action.   In those discussions, counsel for the Plaintiff Stations made clear he was unsure whether "Arorora Investments" was the proper name of the Appleton gas station owner and operator, and he sought verification of that matter from opposing counsel.  As part of those discussions, a copy of the initial pleadings filed in this action was provided to opposing counsel on January 31, 2022.   At all times until September 14, 2022, the Plaintiffs never amended, or sought leave to amend, their initial pleadings to name Banee Corporation as the defendant.

¶8     On March 28, 2022, counsel for the Plaintiff Stations wrote to opposing counsel in the Fond du Lac County lawsuit, separately asking if opposing counsel was representing the defendant in this action.   Thereafter, counsel for the parties in the Fond du Lac County lawsuit engaged in settlement discussions, both with respect to that lawsuit and the instant lawsuit.

¶9      Given that the named defendant, "Arorora Investments," had not answered the complaint and had yet to appear in court, the Plaintiff Stations filed a motion for default judgment on August 23, 2022.  Upon filing this motion, the Plaintiffs' counsel wrote opposing counsel in the Fond du Lac County lawsuit, providing a copy of the motion, noting the briefing schedule, and mentioning his failed efforts to have opposing counsel confirm if the named defendant was the correct party.

¶10      In response to the foregoing, and noting that he was only appearing "special[ly]," opposing counsel in the Fond du Lac County lawsuit filed a motion to dismiss in this action for lack of personal jurisdiction, asserting that: (1) the named defendant does not exist, nor was any party properly served with the initial pleadings, and (2) Parmeet is not an officer, director, or managing agent of "Arorora Investments" or "Arora Investments LLC."  On September 14, 2022, the Plaintiff Stations responded by moving for leave to file an amended complaint, seeking to name the entity that they thought might instead be the proper defendant. The brief in support of that motion emphasized that counsel for the Plaintiff Stations had repeatedly asked opposing counsel in the Fond du Lac County lawsuit for the proper name of the intended defendant (attaching prior correspondence regarding the same), and it invoked the relation-back doctrine in WIS. STAT. § 802.09(3).  The Plaintiff Stations argued:

> [R]egardless of who, ultimately, the proper party is, it is unquestioned that [opposing counsel in the Fond du Lac County lawsuit] was (and is) acting on behalf of the owner of the gas station identified in the original complaint by engaging in negotiations to settle this case; that [opposing counsel] was provided a copy of the original complaint in January of 2022; and that counsel for the Plaintiffs previously raised the question of whether the named Defendant was the proper party.

¶11 In the Defendant's letter brief in response to the motion for leave to amend, the Defendant noted that Parmeet "is not the registered agent for the entity that actually owns the subject gas station" and argued that, by the time Plaintiffs' counsel first informed opposing counsel in the Fond du Lac County lawsuit of this action, the statutory 90-day period to properly serve a defendant under WIS. STAT. § 801.02(1) had already expired.

¶12 On September 27, 2022, the circuit court conducted a hearing at which the parties argued whether, and to what extent, the Plaintiffs' motion for leave to file an amended complaint should be allowed. Opposing counsel in the Fond du Lac County lawsuit, again appearing specially in this action, maintained that the Plaintiffs should not be allowed to amend their complaint because the true defendant was not timely served within 90 days of the commencement of this action, and, therefore, the relation-back provisions set forth in WIS. STAT. § 802.09(3) did not apply. Furthermore, the Defendant noted that a suit claiming alleged violations of Wisconsin's Unfair Sales Act must be commenced within 180 days from the date of any violations for relief to be obtained, meaning that any newly filed complaint could not include the Plaintiff Stations' claims at issue in this suit. *See* WIS. STAT. § 100.30(5m). The court ultimately determined that limited discovery should be conducted in order to confirm the underlying facts regarding who owned the gas station at issue and what service was effectuated.

¶13 On October 25, 2022, Parmeet was deposed. She was the individual who was personally served with the initial pleadings in this action on October 26, 2021, approximately two weeks after this lawsuit was commenced. In her deposition, it was revealed that Parmeet was the registered agent and sole shareholder of Banee Corporation, with a registered office located at 8176 Basil Court, Neenah, Wisconsin (where Parmeet resides), and that Banee Corporation

has owned and operated the gas station at 1717 West College Avenue for several years, apparently encompassing the period alleged in the complaint.

¶14 Based on the foregoing facts, the Plaintiff Stations again asked the circuit court for leave to amend their complaint in order to insert Banee Corporation in lieu of "Arorora Investments" as the defendant. In their supporting brief, the Plaintiffs argued that "the entity that should have been named as the Defendant—Banee Corporation—was in fact properly served, because its registered agent, Mrs. Parmeet Arora, was served with the Summons and Complaint well within the 90 days required by statute." In the Defendant's submissions, opposing counsel in the Fond du Lac County lawsuit, appearing specially in this case, emphasized that Plaintiffs' counsel had expressly stated that he was using "Arorora Investments" under the assumption that there was another entity involved, such that an amendment to the proper name would be forthcoming.

¶15 On March 30, 2023, the circuit court held a hearing to address the Plaintiff Stations' motion for leave to amend and the Defendant's motion to dismiss for lack of personal jurisdiction. The circuit court concluded that "the [P]laintiffs always intended to sue the owner of the Appleton Mobil gas station"; that a misnomer occurred in naming "Arorora Investments" in lieu of "Banee Corporation"; but that this misnomer was a "technical defect, not a fundamental defect, and that the [c]ourt has jurisdiction."

¶16 The circuit court also concluded, however, that "it wasn't [its] intention that you are going to be able to amend the complaint and allow, you know, Banee Corporation or anybody else," because the Plaintiffs "sat on their hands" rather than actively investigating who owned the gas station, causing

8

undue delay and prejudice to the Defendant. The circuit court then denied the Plaintiff Stations' motion for leave to amend. Accordingly, the court dismissed the complaint because without allowing Banee Corporation to be designated as the party defendant, "there's no claim to go forward" and the Plaintiff Stations were "stuck, really, without a case."

¶17    The Plaintiff Stations now appeal.

**DISCUSSION**

¶18    This appeal is before us in a unique procedural posture. Plaintiffs undisputedly misnamed the defendant in this class action lawsuit claiming that the Defendant violated Wisconsin's Unfair Sales Act, WIS. STAT. § 100.30, within the 180 days preceding the lawsuit's filing. However, the Plaintiffs did not seek to correct the misnomer for over a year after the lawsuit was filed. Based on the parties' arguments on appeal, we address three issues.

¶19    First, was the misnomer of the Defendant in the initial pleadings a technical or fundamental defect? We conclude it was merely a technical defect. Second, once the misnomer was brought to the circuit court's attention, was the court required to substitute the correct party for the incorrect one, without any discretion to do otherwise? We conclude that the court was not required to automatically substitute the correct party for the misnamed party. Third, and finally, given our conclusion regarding the second issue, did the circuit court erroneously exercise its discretion by denying the Plaintiffs leave to amend their complaint to correct the misnomer? We conclude the circuit court did not do so under the circumstances of this case.

## I.  The misnomer here was a technical defect, not a fundamental one.

¶20   As explained above, the Plaintiff Stations named "Arorora Investments" as the party defendant rather than the correct entity, Banee Corporation.  The Defendant contends that we can dispose of this appeal on the single ground that the circuit court erred by concluding the defect here was technical, rather than fundamental.  It argues that if the defect was fundamental, the circuit court lacked personal jurisdiction over the proper defendant, such that we need not reach the other issues in this case.

¶21   Wisconsin law provides:

> A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and complaint is made upon the defendant under this chapter within 90 days after filing.

WIS. STAT. § 801.02(1).  The purpose of the summons is twofold: it gives notice to the defendant that an action has been commenced against it, and the summons confers jurisdiction on the court over the entity served.  *American Fam. Mut. Ins. v. Royal Ins. Co. of Am.*, 167 Wis. 2d 524, 530, 481 N.W.2d 629 (1992).

¶22   "Whether service of a summons is sufficient to obtain personal jurisdiction over a defendant involves the interpretation and application of a statute to undisputed facts and is reviewed as a question of law."  *Useni v. Boudron*, 2003 WI App 98, ¶8, 264 Wis. 2d 783, 662 N.W.2d 672.  Similarly, whether a particular defect is technical or fundamental is a question of law that we review de novo.  *O'Donnell v. Kaye*, 2015 WI App 7, ¶9, 359 Wis. 2d 511, 859 N.W.2d 441 (2014).  "While a 'fundamental' defect in service precludes the exercise of personal jurisdiction, a 'technical' defect does not preclude jurisdiction

in the absence of" any prejudice against the defendant. *Id.*, ¶8 (citing *Mahoney v. Menard Inc.*, 2011 WI App 128, ¶9, 337 Wis. 2d 170, 805 N.W.2d 728). The burden of establishing that a defect was technical and that it did not prejudice the defendant is on the party who committed the error, *Johnson v. Cintas Corp. No. 2*, 2012 WI 31, ¶26, 339 Wis. 2d 493, 811 N.W.2d 756, which here are the Plaintiff Stations.

¶23 The Defendant argues that the defect at issue was fundamental because it "deprived any conceivable defendant of notice that it had been sued." Relatedly, the Defendant contends that the fundamental nature of the defect is manifested by the need to have "an entirely new party" brought into the case. In so arguing, the Defendant points to the language in WIS. STAT. § 801.09, which provides the information that a summons must contain, including "the names and addresses of the parties to the action."

¶24 We agree with the Plaintiff Stations and the circuit court that the misnomer that occurred here was only a technical defect, not a fundamental one. In reaching this conclusion, we rely on a number of key, undisputed facts. First, it was clear that the Plaintiffs were intending to sue the owner and operator of the gas station at the particular (and correct) address stated in the initial pleadings— i.e., 1717 West College Avenue, Appleton. This specific identification of the business address was an important consideration within the circuit court's analysis of this issue, as it is for us. Second, the actual owner of that gas station was, in fact, personally served with the initial pleadings, and she was the registered agent and sole shareholder of the Banee Corporation, which actually owned and operated the identified station. Third, no entity called "Arorora Investments" existed, much less one by that name which operated any gas station. Accordingly,

there was no other actual entity to have been mistakenly served with the initial pleadings and which could have acted as a party defendant.

¶25    Under these circumstances, there was no or little confusion that the owner and operator of that particular gas station was the party intended to be sued. Moreover, the proper person was served with the initial pleadings, thereby receiving notice of the lawsuit and its purpose. Accordingly, while there was a defect in naming the proper party defendant, the purposes of serving a summons were accomplished, despite the error. Thus, the error is technical in nature.

¶26    The foregoing facts place this case squarely within those prior cases where courts have held the misnomer to be a technical defect because the plaintiff simply misnamed the otherwise clearly intended defendant. We first look to *Hoesley v. La Crosse VFW Chapter*, 46 Wis. 2d 501, 175 N.W.2d 214 (1970), which examined whether the "the party intended to be sued" was properly served, and if the "misdescription does not leave in doubt the identity of the party intended to be sued." *Id.* at 502. In *Hoesley*, the initial complaint referred to the defendant as "an association" with the name "La Crosse VFW Chapter, Thomas Rooney Post," rather than a corporation with the correct name of "Thomas Rooney Post No. 1530, Veterans of Foreign Wars of the United States." *Id.* Our state supreme court concluded that the circuit court correctly denied the defendant's motion to dismiss the complaint because it did not believe the misdescription was so misleading as to deprive the defendant of notice that it had been sued. *Id.* at 503. In doing so, the court provided the general rule that

> if the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or, even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment *at any stage of the suit*.

*Id.* at 502 (emphasis added; citation omitted). The court also noted the rule that if the effect of an amendment "is to bring in a new party, it will be refused." *Id.* at 503 (citation omitted).

¶27 Our next case of note takes us back even further in time. In *Parks v. West Side Railway Co.*, 82 Wis. 219, 219-20, 52 N.W. 92 (1892), the "West Side Rail*road* Company" was properly served with a summons and complaint incorrectly naming the "West Side Rail*way* Company" as the defendant. The Westside Railway Company was a corporate predecessor to the Westside Railroad Company. *Id.* at 219-20. A little over a year before the initiation of the suit, the Railway company conveyed its entire business to the Railroad company, but the former still maintained a nominal existence. *Id.* at 220. The person served with the complaint was the president of both companies. *Id.* Our state supreme court was unconvinced that the effect of the amendment would be to substitute one existing party for another despite the Railway company's nominal existence. *Id.* at 221-22. Rather, the court determined that a substance-over-form approach revealed that the slight mistake left no doubt as to the identity of the intended defendant, and the circuit court properly allowed the amendment.[6] *Id.* at 221-22.

---

[6] The parties cite two other cases in support of their respective arguments regarding whether the misnomer constituted a fundamental defect: *Bulik v. Arrow Realty, Inc. of Racine*, 148 Wis. 2d 441, 434 N.W.2d 853 (Ct. App. 1988), and *American Family Mutual Insurance v. Royal Insurance Co. of America*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992). In contrast to the technical defect cases cited above, however, *Bulik* and *American Family* are distinguishable, given that the failure to comply with the statutory requirements for service constituted a fundamental defect in those cases.

In *Bulik*, the plaintiff intended to bring a personal injury suit against Arrow and other defendants. *Bulik*, 148 Wis. 2d at 443. The plaintiff served Arrow's principal, and Arrow was identified as a defendant in the body of the complaint, but Arrow itself did not appear as a named party in the captions of the summons and the complaint. *Id.* at 443-44. Rather, the summons identified the defendants as "Zayre Corporation, a domestic corporation, et al., Defendants," and it was directed "to each person named above as a Defendant." *Id.* at 444-45. Citing WIS. STAT.

(continued)

¶28 Together, these cases focus the analysis of whether a misnomer of the defendant is a fundamental, non-curable defect on whether the underlying circumstances reveal any reasonable doubt as to the intended proper party defendant and that such party itself was properly served with process. To be sure, here the entity name "Arorora Investments" is nothing like "Banee Corporation." Unlike the Defendant, however, we do not view this fact alone as dispositive. Rather, all other relevant facts left no confusion as to whom the defendant was

§ 801.09's requirement that a summons must contain the names of the parties to the action, this court concluded that the summons failed to give notice to Arrow that an action had been commenced against it and that it failed to confer the circuit court with personal jurisdiction over Arrow because the "et al" in the summons were never identified and constituted a "vague designation [that did] not give fair notice to the specific individual." *Bulik*, 148 Wis. 2d at 444-45. We explained that "failing to recite the name of the person to be sued strikes at the heart of the summons' purposes" and constitutes a fundamental defect because not naming Arrow in the summons and complaint meant that the circuit court could not exercise its jurisdiction over an unnamed party. *Id.* at 446. In this circumstance, it did "not matter that a party might have had knowledge that he or she was meant to be a party" because "there was an absence of trial court power over Arrow in the first instance." *Id.*

Similarly, in *American Family*, a party's failure to comply with the authentication requirement in WIS. STAT. § 801.02(1) constituted a fundamental defect. *American Fam.*, 167 Wis. 2d at 535. In that case, American Family sued Royal and another insurer whose identity it had not determined, which was later identified as Milwaukee Mutual Insurance Co. *Id.* at 527. American Family served the summons and complaint only on Royal. *Id.* Royal filed a cross-claim against Milwaukee Mutual, but it realized that it was necessary for American Family's summons and complaint to be served on Milwaukee Mutual, so Royal served Milwaukee Mutual with unauthenticated photocopies of American Family's authenticated summons and complaint. *Id.* at 527-28. Because Royal failed to authenticate the photocopies of the authenticated summons and complaint as required by § 801.02(1), our supreme court concluded the error was fundamental and deprived the circuit court of personal jurisdiction over Milwaukee Mutual. *American Fam.*, 167 Wis. 2d at 535.

Neither *Bulik* nor *American Family* compel the conclusion that the defect in this case constituted a fundamental defect. In *Bulik*, Arrow had no way of knowing it was a defendant, given the vague designation of "et al., Defendants" in the summons' caption. In contrast, and as explained above, both captions of the initial pleadings here had the Defendant's correct address and registered agent, and the only incorrect designation was the defendant's name. As such, there was no doubt as to whom the Plaintiff Stations intended to sue. Thus, although the incorrect party was named, the Defendant received proper notice such that the initial pleadings did not fail to comply with a strict statutory requirement, such as in *American Family*.

intended to be—namely, the company owning and operating that particular gas station identified in the complaint, which was Banee Corporation. Furthermore, Parmeet was the proper person on whom to effectuate service of that intended party defendant.

¶29 That brings us to *Johnson*, the case upon which the Defendant substantially relies. In particular, the Defendant appears to argue that if amending the initial pleadings requires bringing in "a new party," it cannot be allowed as a matter of law. We immediately note that this assertion seems inconsistent with the holding in *Parks*, which appears to carve out an exception when the second entity does not exist, either functionally or at all. For that and other reasons, which we now explain, we agree with the Plaintiffs and the circuit court that our supreme court's decision in *Johnson* does not compel us to deem the misnaming here a fundamental defect.

¶30 In *Johnson*, the plaintiff originally named the wrong party defendant—"Cintas"—but served the registered agent of a separate legal entity, "Cintas No. 2." *Johnson*, 339 Wis. 2d 493, ¶¶5, 8. Of note, Cintas was the parent company of Cintas No. 2. *Id.*, ¶1. The mistake that the improper party defendant had been named was eventually discovered. *Id.*, ¶10. At a default judgment hearing shortly after that revelation, the plaintiff moved to orally amend the summons and complaint to instead name Cintas No. 2 as the defendant, which the circuit court permitted. *Id.*, ¶13. The court also entered a default judgment in favor of the plaintiff because Cintas No. 2's registered agent had been served with the original summons and complaint (but identified only Cintas as the defendant), and no further notice was required to Cintas No. 2. *Id.* Thus, at no time was Cintas No. 2 ever actually identified in writing in a summons and complaint that was then served upon Cintas No. 2 within 90 days.

¶31 Ultimately, Cintas No. 2 appealed the validity of the default judgment entered against it on the basis that the circuit court lacked personal jurisdiction over it. *Id.*, ¶19. Addressing the question of what constitutes a "fundamental defect", our state supreme court acknowledged that a circuit court obtains personal jurisdiction over a defendant by "proper service of a summons upon the defendant," which must contain "the names and addresses of the parties to the action, plaintiff and defendant." *Id.*, ¶23 (quoting WIS. STAT. § 801.09(1)). The supreme court extensively discussed and distinguished prior case law, including *Parks* and *Hoesley*, to hold that a summons and complaint that fails to identify by name and address the proper party is fundamentally defective and that the court lacks personal jurisdiction over the unnamed defendant. *Johnson*, 339 Wis. 2d 493, ¶¶28-37, 40-41.

¶32 *Johnson* does not hold, however, that a circuit court lacks the ability to allow a plaintiff to amend its summons and complaint to add or substitute defendants, even after a fundamental error in misnaming the defendant. Instead, and in the context of the particular facts in *Johnson*, our supreme court noted that the defect was fundamental because both the original and amended summons and complaint failed to comply with the strict statutory requirements for service. *Id.*, ¶¶40-41. The defect deprived the circuit court of personal jurisdiction over Cintas No. 2, but the supreme court did not hold that such a defect precluded the plaintiff from attempting to amend its summons and complaint. The plaintiff in *Johnson* only orally amended his complaint, but he never actually filed and served a written amended summons or complaint identifying Cintas No. 2 as the named defendant, which would have had the effect of substituting the wrong party with an entirely new one. *Id.*, ¶¶13, 41. Thus, the supreme court concluded that "absent proper

service of the amended summons and complaint upon Cintas No. 2, the circuit court lacked personal jurisdiction over Cintas No. 2." *Id.*, ¶41.

¶33     We see neither *Johnson* nor any other law establishing that a party who fails to identify the proper defendant in its original summons and complaint is foreclosed from ever adding that proper party as a defendant at a later time, if it is not foreclosed from doing so based upon other procedural requirements.  Rather, *Johnson* acknowledges that an amended summons and complaint can be filed to add or correct the proper party defendant, even when the underlying defect was fundamental—the plaintiff just needs to be sure to file an amended summons and complaint and then serve it on the proper party within 90 days of filing and, if that occurs after the statute of limitations has run, fall within the relation-back doctrine codified in WIS. STAT. § 802.09(3).  *Johnson*, 339 Wis. 2d 493, ¶40 & n.6, ¶41.

¶34     *Johnson* also relied extensively on the fact that both "Cintas" and Cintas No. 2" were "going concern[s]," which itself goes directly to the overarching issue of whether a distinct "new party" is actually being substituted. *See id.*, ¶41.  In this regard, we are informed by the following analysis in *Johnson* that distinguished *Parks* and *Hoesley*:

> *Hoesley* instructs that a misnomer in a summons and complaint constitutes a technical defect when an amendment to the pleadings would result in merely correcting the name under which the right party is sued, as opposed to bringing an entirely new party into the action. In this case, Johnson amended his summons and complaint by changing the named defendant from Cintas to Cintas No. 2.  Unlike the single corporation in *Hoesley*, which the plaintiff correctly sued but simply misnamed as "La Crosse VFW Chapter, Thomas Rooney Post," Cintas and Cintas No. 2 are two, distinct legal entities, and Johnson mistakenly sued the first instead of the second.  Moreover, unlike the railway company in *Parks*, which, by the time the plaintiff commenced his action, had ceased doing

> business and maintained only a nominal existence, Cintas was and continues to be a going concern. Consequently, by changing the named defendant from Cintas to Cintas No. 2, Johnson's amendment did not have the effect of either correcting the name of the right party that was sued all along, as in *Hoesley*, or correcting a misnomer to reflect the only going concern that could be—and unmistakably was intended to be—sued, as in *Parks*. Rather, Johnson's amendment had the effect of substituting the wrong party, Cintas, with another existing and entirely new party, Cintas No. 2. Thus, absent proper service of the amended summons and complaint upon Cintas No. 2, the circuit court lacked personal jurisdiction over Cintas No. 2.

*Johnson*, 339 Wis. 2d 493, ¶41 (citations omitted). For all these reasons, it does not appear that *Johnson* compels the conclusion that the misnomer at issue in this case was a fundamental defect.

¶35 In any event, we agree with our supreme court that "the line between a fundamental defect and a technical defect can be a fine one," *Johnson*, 339 Wis. 2d 493, ¶27, and we conclude that this case falls somewhere in between the existing case law. Like the circuit court, we believe that, for the reasons stated above, this case is closer to *Parks* and, especially, *Hoesley* than it is to *Johnson*. Again, and most importantly, the latter case relied extensively—and understandably—on the fact that there were two *existing* corporate entities at issue, both of which could receive proper service of process of a lawsuit in which they were defendants. *Johnson*, 339 Wis. 2d 493, ¶¶40, 42 (noting that "Cintas No. 2, as a wholly owned subsidiary of Cintas, is a legal entity that exists independently of Cintas" and that Johnson did not dispute that "the party he intended to sue, Cintas No. 2, is an independent legal entity").

¶36 Here, only Banee Corporation actually existed, and its agent was properly served, similar to the single corporation whose agent was also properly served in *Hoesley*. There was no other corporate entity—i.e., "Arorora

Investments"—that could have been the intended party defendant. And, as in *Parks*, the substance of the initial pleadings leaves no doubt as to who the Plaintiffs intended to sue.

¶37 In sum, given the totality of the circumstances here, we conclude that the Plaintiffs' failure to name the proper party in their original summons and complaint is not a "fundamental defect" that deprived the Plaintiffs of the ability to cure that defect via a proper amendment to the pleadings, as long as the circuit court determines there is no prejudice to the Defendant in doing so. Accordingly, we must turn to the merits of the Plaintiffs' appellate arguments, which includes the court's assessment of any such prejudice.

## II. The circuit court was not required to automatically substitute the correct party defendant for the misnamed party defendant.

¶38 The next issue in this appeal—on which there does not appear to be any controlling Wisconsin case law—is whether the circuit court, upon finding only a technical misnaming of the Defendant, erred by not automatically substituting Banee Corporation for Arorora Investments and treating the former as if it had been named as the defendant all along—i.e., "from the date the summons and complaint were served on its registered agent, Parmeet [Arora]." This is the position taken by the Plaintiff Stations.[7] They further argue that, given the

---

[7] The Defendant also asserts that because the Plaintiff Stations filed multiple motions that asked the circuit court for permission to amend their initial pleadings, the Plaintiff Stations should be estopped from now arguing that the court lacked the discretionary authority to rule on their own motions. We easily reject this argument. The Plaintiff Stations were clearly arguing this position in the alternative, in the event the circuit court rejected their argument that the amendment should automatically occur, as a matter of law. In no manner did the Plaintiff Stations play "fast and loose" with their positions in the courts by asserting inconsistent positions. *See* **Olson v. Darlington Mut. Ins.**, 2006 WI App 204, ¶4, 296 Wis. 2d 716, 723 N.W.2d 713 (explaining that judicial estoppel is intended "to preserve the integrity of the judicial system and prevent litigants from playing 'fast and loose' with the courts" (citation omitted)).

foregoing automatic substitution, "the [circuit c]ourt had no discretion as to allowing the case to proceed against Banee Corporation, because the [c]ourt did have personal jurisdiction over it."

¶39     Whether a defect in the summons and complaint is technical or fundamental is a determination of whether a circuit court has personal jurisdiction over a defendant, and it is a question of law that we review de novo.  *See Johnson*, 339 Wis. 2d 493, ¶22.  As noted above, a court lacks personal jurisdiction over a defendant if the defect is fundamental, but it has personal jurisdiction over the defendant if the defect is merely technical and "the complainant can show that the defect did not prejudice the defendant."  *Id.*, ¶26.  Because the question of prejudice remains upon finding a technical defect and that question ultimately determines whether the circuit court has personal jurisdiction over the defendant, the question of whether the court erred by not automatically substituting the correct defendant for the incorrect defendant upon finding a technical defect in this case is a question of law that we review de novo.

¶40     The Plaintiffs cite no statute or case directly in support of their "automatic amendment" proposition.  Most notably, we observe that WIS. STAT. § 802.09 governs amendment of pleadings in Wisconsin civil cases, such as this one.  It provides, in relevant part:

> A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under [WIS. STAT. §] 802.10.  Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires.

20

Sec. 802.09(1). In other words, initial pleadings may be amended as a matter of course in the first six months of an action, but thereafter, only when the circuit court finds that justice so requires. This language, as applied over the years by the Wisconsin Supreme Court, plainly provides that circuit courts are authorized to allow parties to make amendments to the summons and complaint at any point later in a case, but they are not required to do so.[8]

¶41 Barring something else in the law to the contrary, we are obligated to apply WIS. STAT. § 802.09 in this case. In this regard, the Plaintiff Stations point us back to *Hoesley*. Noting some of the same language in that decision concluding that the misnomer was merely technical, not fundamental, *see Hoesley*, 46 Wis. 2d at 502-03, the Plaintiffs maintain that, essentially because all the prerequisites for personal jurisdiction were met, "the act of correcting the pleadings is purely ministerial."

¶42 We reject this formulation of the legal context at play. First, nothing in the language or holding in *Hoesley* compels the Plaintiffs' desired rule. There is no indication in that opinion of the timeline of the case proceedings, including how soon the defendant filed its motion to dismiss after the "action commenced on June 7, 1968." *Id.* at 501-02. Nor does the opinion expressly address the question

---

[8] *See Wipfli v. Martin*, 34 Wis. 2d 169, 173, 148 N.W.2d 674 (1967) ("It is well settled that, when a [circuit] court keeps within the limitations imposed by the statute as to allowing amendments, the power is very broad, resting in sound discretion, and the decision will not be disturbed expect for a clear abuse of judicial power." (citations omitted)); *Gustavson v. O'Brien*, 87 Wis. 2d 193, 205, 274 N.W.2d 627 (1979) ("Allowing a party to amend his [or her] pleadings is within the [circuit] court's discretion."); *Korkow v. General Cas. Co. of Wis.*, 117 Wis. 2d 187, 197, 344 N.W.2d 108 (1984) ("[T]he [circuit] court has discretion to grant leave to amend at any stage of the action when justice so requires."); *see also Butcher v. Ameritech Corp.*, 2007 WI App 5, ¶34, 298 Wis. 2d 468, 727 N.W.2d 546 (2006) ("Whether to allow an amendment to a complaint when the party does not have a right to amend under WIS. STAT. § 802.09(1) is a matter within the discretion of the circuit court." (footnote omitted)).

now raised as to the circuit court's discretion or, specifically, whether the amendment is "automatic." In fact, the circuit court there denied the motion to dismiss, thereby ruling in favor of the plaintiff and obviating the need to address such matters.

¶43    More importantly, however, merely because a misnomer of a party defendant is only a technical error does not mean that the error is without consequence. We see no reason why a circuit court, upon concluding that a defect is technical and retaining personal jurisdiction over the correct party, should not retain its usual discretion to decide whether to allow an amendment of the pleadings after the "amendment as of right" period in WIS. STAT. § 802.09(1) has expired. While it may be that, in most cases of a merely technical defect in the naming of the proper party defendant, circuit courts will choose to merely substitute the new, intended party, sometimes a court may deem that outcome as not what "justice so requires." *See id.* We need not conceive of any or all such circumstances where an amendment may be inequitable in the court's mind. It suffices to say that such occasions may arise. Indeed, as explained below, this case represents one such instance, given its relatively unique facts and the nature of the claim at issue. Absent any authority to the contrary, we deem allowing discretion here as consistent with governing law and prudent to maintain. All such determinations are, of course, still reviewable under an erroneous exercise of discretion standard.

**III. The record supports the circuit court's exercise of its discretion to deny the Plaintiff Stations' motion for leave to amend their complaint to include the proper party defendant.**

¶44    The remaining issue, then, is the Plaintiffs' alternative argument that the circuit court erroneously exercised its discretion by not granting the Plaintiffs leave to amend their complaint under the circumstances in this case.

¶45    The general rule, with which the Plaintiffs do not quarrel, is that a circuit court has discretion on whether to allow or to refuse amendments to pleadings, and we will not reverse that decision unless the circuit court erroneously exercised its discretion. *Leciejewski v. Sedlak*, 110 Wis. 2d 337, 351, 329 N.W.2d 233 (Ct. App. 1982). A court erroneously exercises its discretion when "the record discloses that [it] failed to exercise its discretion, that the facts do not support the decision, or that the court applied the wrong legal standard." *Piaskoski & Assocs. v. Ricciardi*, 2004 WI App 152, ¶30, 275 Wis. 2d 650, 686 N.W.2d 675. In exercising its discretion, a court "must balance the interests of the party benefiting by the amendment and those of the objecting party." *Id.* (citation omitted). While a circuit court may consider whether a party is prejudiced by an amendment, it may also consider "undue delay, bad faith or dilatory motive on the part of the movant." *Hess v. Fernandez*, 2005 WI 19, ¶29, 278 Wis. 2d 283, 692 N.W.2d 655 (citation omitted); *see also Goff v. Seldera*, 202 Wis. 2d 600, 616, 550 N.W.2d 144 (Ct. App. 1996) ("An amendment to the pleadings … is proper if the amendment does not come at a time when it is likely to cause unfairness, prejudice or injustice.").

¶46    Under this deferential standard of review, we conclude that the record on appeal sufficiently supports the circuit court's decision to deny the Plaintiff Stations' motion for leave to amend their complaint so as to substitute

23

Banee Corporation for Arorora Investments as the party defendant. While the Plaintiffs certainly raise legitimate arguments in support of their requested leave, there were reasonable contrary considerations that the circuit court articulated against granting leave.

¶47 The primary consideration for the circuit court was the largely unexplained delay by the Plaintiffs in seeking to amend their initial pleadings so as to name the proper party defendant. For example, counsel for the Plaintiffs knew at the time they filed the complaint that an entity named "Arorora Investments" could not be located via the Wisconsin Department of Financial Institutions' database. Finding that the Plaintiff Stations did not intentionally name Arorora Investments as a fictitious party, the court suggested that the Plaintiff Stations filed the action with knowledge that there may be a need to later properly denominate the defendant entity. To be sure, we are sensitive to the fact that, during this delay, counsel for the Plaintiffs actively communicated with opposing counsel in both this and another case (in which Banee Corporation *was* the named defendant) about which entity was the proper defendant in this case—and was rebuffed in those efforts.

¶48 While attempts at settlement are to be encouraged, they do not excuse the failure to meet procedural deadlines. As the circuit court found here, the Plaintiff Stations chose to "s[i]t on their hands" during these discussions when there were other means of investigating who owned and operated the particular gas station at issue. These means included deposing Parmeet, which did not happen until over a year after the suit was filed. Accordingly, and citing ***Commerce Bluff One Condominium Ass'n v. Dixon***, 2011 WI App 46, ¶22, 332 Wis. 2d 357, 798 N.W.2d 264, the court found that the Plaintiffs were improperly "sitting on their hands."

¶49 A second, albeit related, concern is that the Plaintiff Stations only formally sought to amend their initial pleadings to name the proper party defendant after both parties had filed dispositive motions. Namely, the Plaintiffs had filed a motion for default judgment, and the Defendant had filed a motion to dismiss for lack of personal jurisdiction. The circuit court's ruling denying leave to amend focused on this fact, stating that "[t]he plaintiffs in this case made no effort to amend their complaint until the defendant filed a motion to dismiss." Courts prefer a correct set of parties before a case is disposed of via a final judgment, which would not have happened in this case if the court granted a default judgment to the Plaintiffs.[9]

¶50 As a third consideration, the circuit court pointed to the potential prejudice to the proper party defendant if amendment of the initial pleadings were allowed at that time. While the Plaintiff Stations are correct that the court did not elaborate on why or how "the passage of time that has taken place likely will impact Parmeet's ability to defend against [the] Plaintiffs' claims due to the loss of available evidence," the record reflects seemingly legitimate concerns in this regard. Namely, the underlying claim at issue was that the Defendant violated the Wisconsin Unfair Sales Act by unlawfully setting the price of gasoline. In its briefing in the circuit court, the Defendant noted that defending against this claim would require any such party to obtain historical data of pricing during the relevant time period from the competitors against which that party was setting its

---

[9] We recognize that our supreme court in *Hoesley v. La Crosse VFW Chapter*, 46 Wis. 2d 501, 502, 175 N.W.2d 214 (1970), concluded that a mere misnomer in a summons and complaint may be corrected by amendment at any stage of the lawsuit, including after a default judgment is entered. Our point is only that the circuit court here was permitted to consider these circumstances in exercising its discretion not to permit the amendment once requested.

prices. The Defendant further noted, providing the relevant internet hyperlink, that the data from some public sources was no longer available. While part of the Defendant's prejudice argument is generalized, we cannot conclude that it is unreasonable to infer that difficulties in this regard would have occurred in this case.

¶51 In addition to the foregoing, and importantly, the circuit court's exercise of discretion occurred within the unique nature of the claim in this case, which again was a violation of the Unfair Sales Act. The legislature has designed such claims to be litigated expeditiously. WISCONSIN. STAT. § 100.30(5m), which provides for the private right of action under which the Plaintiff Stations filed suit, states that "[a]n action under this subsection may not be brought after 180 days after the date of a violation" of the relevant portion of the Act. This relatively short time by which to file suit signifies that such claims are to be brought and, presumably, litigated promptly.

¶52 Moreover, although we do not address or rely upon the parties' arguments regarding WIS. STAT. § 807.12—known as the "fictitious name" statute—to dispose of this case, the overlay of how that process would have applied also reflects the impact of the Plaintiffs' delay here, relative to the claim they brought under the Act. To explain, the last alleged violation in this case occurred on July 12, 2021, which means the statute of limitations expired for all violations by January 10, 2022. If a fictitious name defendant had been included in the initial pleadings that were filed on that deadline, case law provides that the 90-day extension articulated in *Lak v. Richardson-Merrell, Inc.*, 100 Wis. 2d 641, 649, 302 N.W.2d 483 (1981), and *Lavine v. Hartford Accident & Indemnity Co.*,

26

140 Wis. 2d 434, 442, 410 N.W.2d 623 (Ct. App. 1987),[10] would have created a final deadline of April 11, 2022, for the Plaintiffs to (1) identify the proper defendant, (2) amend the summons and complaint, and (3) serve the proper defendant (Banee Corporation). By way of comparison, the Plaintiffs did not move to amend their initial pleadings until September 14, 2022.

¶53    We view these legislative imperatives, which are generally relevant to the facts in this case, as lessening the need for strong proof of prejudice to the actual defendant. Here, the case progressed slowly without the party against which judgment could be entered and which was never formally made a party. Clearly, the circuit court articulated its concern with such a delay, and given the underlying claim being one that was meant to be expedited, such a concern is legitimate in the court's consideration of the impact of that delay on the Defendant.

¶54    For the foregoing reasons, we conclude that the circuit court did not erroneously exercise its discretion by denying the Plaintiff Stations' motion for leave to amend the complaint to name the proper party defendant.

*By the Court.*—Order affirmed

Recommended for publication in the official reports.

---

[10] These cases applied the then-existing 60-day time frame in WIS. STAT. § 801.02(1) in which to identify and serve the correct defendant. *See Lak v. Richardson-Merrell, Inc.*, 100 Wis. 2d 641, 649, 302 N.W.2d 483 (1981) (applying WIS. STAT. § 801.02(1) (1979-80)); *Lavine v. Hartford Accident & Indem. Co.*, 140 Wis. 2d 434, 441-42, 410 N.W.2d 623 (Ct. App. 1987) (applying WIS. STAT. § 801.02(1) (1987-88)). Subsequently, the legislature extended the relevant service deadline to 90 days. *See* 1997 Wis. Act 187, § 7; *see also* § 801.02(1).